**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

William Soler Justice

     v.                                             Case No. 23-cv-308-SE-AJ

Aaron Belanger
Eric Barbaro

## REPORT AND RECOMMENDATION

Pro se plaintiff William Soler Justice has filed a complaint against two New Hampshire corrections officers. (Doc. No. 1). The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

## Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1); see also 28 U.S.C. §§ 1915(e)(2), 1915A. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (citation omitted).  The court treats as
true all well-pleaded factual allegations, and construes
reasonable inferences in plaintiff's favor.  See Ocasio-
Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

At the time he filed the complaint, Mr. Justice was civilly
committed to the New Hampshire Department of Corrections' Secure
Psychiatric Unit ("SPU").[1]  Mr. Justice alleges that, on April 9,

---

[1] This court described Mr. Justice's confinement in a
previous lawsuit:

> Mr. Justice was charged in the New Hampshire Superior
> Court ("Superior Court") with attempted murder,
> assault, and reckless conduct with a dangerous weapon
> (a car). On February 9, 2018, the Superior Court found
> that Mr. Justice, who has been diagnosed with
> schizophrenia, paranoid type, was not competent to
> stand trial on the charges against him, and that he
> was not restorable to competence. Thereafter, the New
> Hampshire Circuit Court, Sixth Circuit, Probate
> Division ("Probate Court") determined that Mr. Justice
> was potentially dangerous to himself and others, and
> civilly committed him to the Secure Psychiatric Unit
> ("SPU"), for a period of five years, with allowance
> for a conditional discharge from that placement when
> and if such a discharge was clinically appropriate,
> pursuant to N.H. Rev. Stat. Ann. § ("RSA") 135-C. See
> Feb. 9, 2018 Invol. Admis. Order, In re Soler, No.
> 317-2018-IN-00027 (Probate Court) (Doc. No. 1-13, at
> 1). The SPU is a New Hampshire Department of
> Corrections ("DOC") facility located in the New
> Hampshire State Prison.

Justice v. Sununu, No. 20-CV-517-PB, 2022 WL 18275895, at *1
(D.N.H. Dec. 2, 2022), report and recommendation approved sub
nom. Justice v. Governor, NH, No. 20-CV-517-PB, 2023 WL 171364
(D.N.H. Jan. 12, 2023)

2020, the defendants moved him to two successively more restrictive settings within SPU – E Ward and F Ward – after he asked Corrections Officer Belanger for the name of his sister. He was in each ward for approximately one week.

Mr. Justice further alleges that, after being released from the restrictive setting, he was missing various personal items, such as a journal, postage stamps, and a legal notebook.  He submitted three request forms regarding the items. The responses all indicated either that nothing was taken or that items would be returned upon completion of his restrictive placement.

### Discussion

A. Claims Asserted

1. Placement in more restrictive setting

Mr. Justice claims that his two-week placement in the more restrictive settings of E and F Wings violated his right to due process. To establish a violation of the Due Process Clause, Mr. Justice must show that he was deprived of a protected interest in life, liberty or property and that "'the procedures attendant upon that deprivation were constitutionally'" insufficient. Gonzalez-Fuentes v. Molina, 607 F.3d 864, 886 (1st Cir. 2010) (citation omitted).

In general, absent facts demonstrating that a particular prison classification or housing placement imposes an "'atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life,'" inmates do not have a right or protected interest in any particular prison classification or housing placement. See Wilson v. N.H. State Prison Warden, No. 19-cv-127-PB, 2019 WL 2504616 at *2 (D.N.H. May 14, 2019) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995), report and recommendation adopted sub nom. Wilson v. N. Corr. Facility, Warden, No. 19-cv-127-PB, 2019 WL 2503980 at *1 (D.N.H. June 17, 2019)).

At the same time, however, individuals, such as Mr. Justice, "who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). Nevertheless, a de minimis impingement of a civilly committed person's constitutional interests does not violate the constitution.  See id. at 320; see also, Judah v. Ovsak, 550 F. Supp. 3d 687, 702 (D. Minn. 2021) ("there is a de minimis level of imposition with which the Constitution is not concerned.") (cleaned up).

Here, Mr. Justice alleges that he was subjected to the more restrictive conditions of E Wing and F Wing for a total of two weeks. Without more, Mr. Justice's allegations are insufficient to assert more than a de minimis insult to his right to nonpunitive civil confinement, and therefore fail to assert a

claim under the Fourteenth Amendment. See Sandin, 515 U.S. at 486 (finding that thirty-day period of segregated confinement did not amount to an atypical and significant hardship); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010) (holding that two weeks of administrative segregation was not a hardship). Accordingly, the District Judge should dismiss this claim for failure to state a claim upon which relief can be granted.

    2.  Missing property

Mr. Justice next asserts that the defendants failed to return personal property to him that went missing during his time in E and F Wings. However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The State of New Hampshire, through its Board of Claims, provides a post-deprivation remedy which is adequate to redress Mr. Justice's loss of property.  See RSA 541-B:9 and 541-B:14. Accordingly, Mr. Justice's allegations do not support an actionable cause of action under the Fourteenth Amendment, and the District Judge should dismiss that claim without prejudice to Mr. Justice's ability to bring a claim under state law concerning his missing property.

## Conclusion

Based on the foregoing, the district judge should dismiss the complaint (Doc. No. 1) as it fails to set forth a claim for relief.  Mr. Justice's property-related complaint – Claim 2 above -- should be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id.  (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

September 27, 2024

cc:  William Soler Justice, pro se