UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>William Soler Justice</u>

      v.                                                        Case No. 23-cv-308-SE-AJ

<u>Aaron Belanger</u>
<u>Eric Barbaro</u>


<u>Order Adopting in Part and Rejecting in Part the Report and Recommendation</u>

William Soler Justice alleges the following facts in his complaint. On April 9, 2020, while civilly committed at the New Hampshire Department of Corrections' Secure Psychiatric Unit (SPU), he overheard a correctional officer, Aaron Belanger, say something about Belanger's sister. In response, Justice asked Belanger for the name of his sister. When Belanger did not respond, Justice repeated the question multiple times. Eventually, Belanger told Justice he was "being disrespectful," ordered him to "lockdown," and then escorted him there. Doc. no. 1 at 4. Justice complied without issue. About an hour later, Sergeant Eric Barbaro, another officer in the SPU, ordered Justice to be removed to the E Ward, which Justice described as being in lockdown for 23 hours each day. After spending approximately a week in the E Ward, Justice was moved to the F Ward, where he spent another week. Justice described both wards as being "involuntarily seclusive." <u>Id.</u> When Justice returned from the E and F Wards, he noticed that some of his property was missing. He believes that Belanger took this property.

Representing himself, Justice filed a complaint in this court alleging claims against Belanger and Barbaro for violating his due process rights when they placed him in the E and F Wards and for failing to return his property that went missing while he was in the E and F Wards. The magistrate judge's report and recommendation ("R&R") after preliminary review of

Justice's complaint concluded that Justice's two weeks in the E and F Wards did not rise to the

level of a cognizable injury. Doc. no. 6 at 4–5 (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)

and Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010)). As for Justice's claim involving

his property, the Magistrate Judge explained that the Board of Claims, New Hampshire's

complaint system for prisoners with lost or stolen property, provided Justice with sufficient

process. The R&R thus recommended that the court dismiss Justice's complaint.

Justice objected to the R&R, seeking "to assert all [his] due process claims." Doc. no. 7 at

1. He mainly focused on his time in the E and F Wards, which he described as "solitary

confinement." Id. Justice also explained that he never received "a disciplinary hearing or even an

explanation of the reason for" his removal to the wards. Id. For the reasons stated herein, the

court adopts the R&R to the extent that it recommends dismissal without prejudice of the

property-related claim, but it does not adopt the R&R to the extent that it recommends dismissal

of the claims involving Justice's time on the E and F Wards.


Standard of Review

When a plaintiff, like Justice, commences an action pro se and in forma pauperis, the

magistrate judge is directed to conduct preliminary review. See LR 4.3(d); see also 28 U.S.C. §§

1915(e)(2), 1915A. On preliminary review, the magistrate judge may report and recommend to

the court that one or more claims should be dismissed if, among other reasons, they are frivolous

or malicious, fail to state a claim upon which relief can be granted, seek damages from

defendants who are immune from such relief, or the court lacks jurisdiction. See id.; see also 28

U.S.C. § 1915(e)(2).  Because Justice is representing himself, the court "liberally construe[s]" his

complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). Disregarding any

legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).When a party objects to a magistrate judge's proposed findings and recommendations with respect to a dispositive pretrial matter, the court makes a de novo determination. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Discussion

Construed liberally, Justice's complaint alleges three claims, each of which he brings under 42 U.S.C. § 1983 against the defendants in their personal capacity.[1] Justice's first claim alleges that the two weeks he spent in involuntary seclusion violated his Fourteenth Amendment substantive due process rights not to be punished (Count I). His second claim alleges that Belanger and Barbaro violated his Fourteenth Amendment procedural due process rights by sending him to involuntary seclusion without providing him a reason or an opportunity to challenge the decision (Count II). Finally, his third claim alleges that Belanger violated his Fourteenth Amendment due process rights when he took Justice's property (Count III).

The court begins with Justice's substantive due process claim. In evaluating Justice's complaint, the R&R correctly noted that plaintiffs who have been civilly committed are entitled to "more considerate treatment and conditions of confinement" than those who are incarcerated following criminal conviction. Doc. no. 6 at 4 (quoting Youngberg v. Romeo, 457 U.S. 307, 321–

---

[1] A damages suit against the officers in their official capacity would be a "suit against the governmental entity itself." Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005). To prove such a case, Justice would need to plead facts evincing a policy, custom, or practice. See id. He has not done so. The court therefore does not construe his allegations as against the officers in their official capacity.

22 (1982)). But the R&R then relied on cases involving convicted individuals to support its recommendation that Justice's alleged injury was de minimis and insufficient to state a claim under the Fourteenth Amendment.

Instead, in the civil commitment context, individuals have a substantive due process right to be free from punishment for the reason underlying their commitment. See Healey v. Spencer, 765 F.3d 65, 78 (1st Cir. 2014). However, not every disagreeable condition is considered punishment in the constitutional sense. See id. When determining whether conditions are unconstitutionally punitive, the court must consider whether the alleged conditions "bear some reasonable relation to the purposes for which persons are committed" and whether the defendants "failed to exercise reasonable professional judgment." Id.

Justice's complaint allows the inference that the defendants sent Justice to the E and F Wards in retaliation for pestering Belanger. Moreover, Justice describes the two weeks he spent in the wards as involuntary seclusion. In his objection to the R&R, Justice illuminates this description, alleging that his time in the E and F Wards amounted to solitary confinement. At this nascent stage, Justice has alleged enough facts to plausibly state that his placement in the E and F Wards was so disconnected from an exercise of reasonable professional judgment that it amounted to punishment. He has thus alleged a violation of his substantive right not to be punished.

Next, the court addresses Justice's procedural due process claim. To allege such a claim, a plaintiff must (1) "identify a protected liberty or property interest" and (2) allege that the defendants deprived him of that interest "without constitutionally adequate process." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir. 2006) (quotations omitted).

Justice's substantive due process right to be free from punishment establishes his liberty interest for the purposes of the first prong of the procedural due process analysis. See Surprenant, 424 F.3d at 17 (pretrial detainees' "liberty interest in avoiding punishment" satisfies the first prong of the procedural due process analysis). Even in the context of inmates, those "subjected to solitary confinement in a manner that implicates a liberty interest must be afforded . . . '[n]otice of the factual basis' for the confinement . . . and 'an opportunity to present [the inmate's] views' to the official charged with the decision to confine the inmate." Perry v. Spencer, 94 F.4th 136, 160–61 (1st Cir. 2024) (en banc) (alterations in original) (quoting Wilkinson v. Austin, 545 U.S. 209, 225–26 (2005) and Hewitt v. Helms, 459 U.S. 440, 476 (1983)). Justice alleges he was in solitary confinement for two weeks without being informed why and without having an opportunity to present his views on the situation to anyone. His procedural due process claim can therefore survive this early stage.

Finally, Justice alleges that Belanger took his property in violation of the Fourteenth Amendment's Due Process clause. As the Magistrate Judge explained, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Doc. no. 6 at 5 (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). New Hampshire's Board of Claims provides an adequate post-deprivation remedy for Justice. Justice v. Sununu, 20-cv-517-PB, 2022 WL 18275895, at *10–11 (D.N.H. Dec. 2, 2022), adopted sub nom. Justice v. Governor, NH, 2023 WL 171364 (D.N.H. Jan. 12, 2023) (citing New Hampshire Revised Statutes Annotated §§ 541–B:9, 14). Therefore, this claim cannot proceed.

For the foregoing reasons, Counts I and II will be served.

SERVICE ORDER

The Court now directs service of this matter as set forth herein. Service is ordered without prejudice to the defendants' ability to move to dismiss on any proper basis.

For the aforementioned reasons, the court directs service of this matter upon the following defendants, who are employed at the New Hampshire State Prison for Men ("NHSP"): Corrections Officer ("CO") Aaron Belanger and Sergeant CO Eric Barbaro.

In accordance with the Agreement on Acceptance of Service, the Clerk's office is directed to serve the Office of the New Hampshire Attorney General ("AG"), with electronic copies of the complaint documents (Doc. Nos. 1, 7), the R&R (Doc. No. 6), and this Order. Within thirty days of the date of this Order, the AG must file an Acceptance of Service notice specifying whether the defendants named in this Order have authorized the AG to receive service on their behalf. When the AG files the Acceptance of Service notice, service will be deemed made on the last day of the thirty-day period for all defendants who accept AG's Office representation.

If any defendant does not authorize the AG to receive service on his or her behalf, or the AG declines to represent that defendant, the AG shall, within thirty days of the date of this Order, provide to the court the last known address of any defendant[s] who will not be represented by the AG. In that event, the Clerk's office is instructed to complete and issue a summons for each of those defendants, using the last known address provided, and forward the summonses, along with copies of each document specified above, to the United States Marshals Service ("USMS"), to complete service on those defendants in accordance with this Order and Fed. R. Civ. P. 4(c)(3) and 4(e). The NHSP defendants listed above are instructed to answer the complaint documents and complaint addenda within twenty-one days of service upon them, with respect to Counts 1–2, which are set forth above.

Justice is instructed that all future pleadings, written motions, notices, or other filings shall be served on the defendants by delivering or mailing the materials to the defendants or their attorneys, pursuant to Fed. R. Civ. P. 5(b), or by filing the materials in the court, which will notify any party or attorney appearing electronically in this court of the filing. See AP 2.8. A certificate of service specifying the manner of service must be included with all court filings. See Fed. R. Civ. P. 5(d)(1); LR 5.1(d).

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

July 10, 2025

cc: William Soler Justice, pro se