**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| WILLIAM SOLER JUSTICE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AARON BELANGER,<br><br>　– and –<br><br>ERIC BARBARO,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Case No.: 23-cv-00308-SE-AJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT PROPOSED DISCOVERY PLAN

**DATE/PLACE OF CONFERENCE:** The parties conferred by email on October 10, 2025. Plaintiff assents to this proposed discovery plan.

**COUNSEL PRESENT/REPRESENTING:**

　　　Plaintiff:　　　William Soler Justice, *Pro Se*

　　　Defendants:　　Duncan A. Edgar, Esq.

### CASE SUMMARY

**THEORY OF LIABILITY:** Plaintiff brings two claims against the Defendants.  In his first claim, Plaintiff alleges that the two weeks he spent in involuntary seclusion while he was civilly committed to the New Hampshire Department of Corrections' Secure Psychiatric Unit amounts to a violation of his Fourteenth Amendment substantive due process rights not to be punished.   In his second claim, Plaintiff further alleges that the Defendants violated his Fourteenth Amendment procedural due process rights by placing him in involuntary seclusion without providing him with a reason or an opportunity to challenge his placement.

**THEORY OF DEFENSE:** The Defendants deny all claims of liability and damages and incorporate their Answer and Affirmative Defenses filed with this Court on September 4, 2025.

**DAMAGES:** In his Complaint, Plaintiff seeks damages in an unspecified amount that will "lawfully and justifiably compensate the victim (Mr. Justice) to the fullest extent of the law."  The Defendants deny any and all liability and therefore dispute that Mr. Justice is entitled to any relief.

**DEMAND:** None.

1

**OFFER:** None.

**JURISDICTIONAL QUESTIONS:** None identified at this time.  Defendants reserve the right to raise any jurisdictional issues when they become apparent.

**QUESTIONS OF LAW:** None identified at this time except for those related to the Theory of Liability and Theory of Defense above.

**TYPE OF TRIAL:** Defendants preserved their right to a jury trial by stating as such in their Answer and Affirmative Defenses filed with this Court on September 4, 2025.  Defendants reserve their right to withdraw their request for a trial.

## SCHEDULE

**TRACK ASSIGNMENT:** Standard – 12 Months.

**TRIAL DATE:** The parties propose a trial beginning on October 20, 2026.

**DISCLOSURE OF CLAMS AGAINST UNNAMED PARTIES:** December 15, 2025.

**AMENDMENT OF PLEADINGS:**

       Plaintiff: January 13, 2026       Defendants: February 12, 2026.

**JOINDER OF ADDITIONAL PARTIES:** January 14, 2026.

**THIRD-PARTY ACTIONS:** December 15, 2025.

**MOTIONS TO DISMISS:** January 13, 2026.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

       Plaintiff: January 29, 2026       Defendants: March 16, 2026

       Supplementations under Fed. R. Civ. P. 26(e) are due June 12, 2026

**COMPLETION OF ALL DISCOVERY:** June 1, 2026

**MOTIONS FOR SUMMARY JUDGMENT:** June 22, 2026.

**CHALLENGES TO EXPERT TESTIMONY:** September 5, 2026.

**DISCOVERY**

**DISCOVERY NEEDED:** Written and deposition discove1y on the facts underlying Plaintiff's claims and Defendants' defenses, including relating to Plaintiffs alleged damages.

**MANDATORY DISCLOSURES:** October 29, 2025.

**INTERROGATORIES:** A maximum of 25 interrogatories by Plaintiff to each individual Defendant, and 25 interrogatories by each individual Defendant.  Responses to interrogatories shall be due within 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION**: A maximum of 10 requests for admissions by Plaintiff to each individual Defendant, and 10 requests for admissions by each individual Defendant.

**DEPOSITIONS:** A maximum of 7 non-expert depositions by Plaintiff and 7 non-expert depositions by each individual Defendant. Each deposition shall be limited to a maximum of 2 hours unless extended by agreement of the parties or order of the Court.

**ELECTRONIC INFORMATION DISCLOSURES(Fed. R. Civ. P. 26(f)):** Subject to the right to assert any applicable objections, including but not limited to confidentiality of records and safety and security issues concerning the correctional facility or Plaintiff's housing arrangements during the time he was civilly committed, the parties will respond to any requests for electronic discovery to the extent included in discovery requests.  Unless otherwise agreed at a later time, any electronic data or documents will also be produced in paper format.  Each party reserves the right to object that any request is unduly burdensome and/or irrelevant, or to object on any other applicable basis.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The parties reserve the right to assert any privileges to inadvertently disclosed, privileged documents and agree that such inadvertent disclosure shall not operate as a waiver of any privilege, and that each party shall have the right to request and obtain the return of such documents as set forth in the Federal Rules of Civil Procedure.  If any party wishes to contest such a claim of privilege, any such material may be filed with the Court only with a request that it be sealed.

The Defendants request that the Court enter the above language as part of the discovery plan and specify that these terms are applicable to any third parties to whom privileged documents are inadvertently disclosed.

**OTHER ITEMS**

**SETTLEMENT POSSIBILITIES:** Settlement cannot be evaluated prior to initial discovery.  At this time, the possibility of settlement is low.

**JOINT STATEMENT RE: MEDIATION:** The parties are unable to evaluate whether or not they will pursue mediation at this time.  If the parties decide to mediate, the mediation will likely occur before the close of discovery, but prior to the deadline for the filing of motions for summary

judgment.  In the event that the parties proceed with mediation, they will request a Magistriate Judge and not a private mediator.  The parties will update the court on the status of mediation by May 8, 2026.

**TRIAL ESTIMATE**: 1-2 days.

**WITNESSES AND EXHIBITS:** Witness and exhibit lists, included in primal pretrial statements, are due 10 days before the pretrial conference but not less than 30 days before trial.  Objections are due 14 days after service of the parties final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** A pretrial conference has been set for October 15, 2025 at 11:00 AM before U.S. Magistrate Judge Andrea K. Johnstone.

Respectfully submitted,

AARON BELANGER and ERIC BARBARO

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: October 11, 2025

/s/ Duncan A. Edgar
Duncan A. Edgar, Esq., Bar No. 266272
Assistant Attorney General
New Hampshire Department of Justice
Civil Law Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3658
duncan.a.edgar@doj.nh.gov

## CERTIFICATE OF SERVICE

I, Duncan A. Edgar, hereby certify that on this date, I caused a true copy of the foregoing to be sent to the Plaintiff, William Soler Justice, via email to gentlegiant03301@yahoo.com.

Dated: October 11, 2025

/s/ Duncan A. Edgar
Duncan A. Edgar, Esq.