**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>William Soler Justice</u>

    v.                                         Case No. 23-cv-308-SE-AJ

<u>Aaron Belanger and Eric Barbaro</u>

**O R D E R**

On October 11, 2025, the parties submitted a proposed discovery plan (Doc. No. 13).  The court held a preliminary pretrial conference on October 15, 2025.  The parties' proposed discovery plan is approved with the following changes:

| Scheduling/Discovery Designation | Deadline/Discovery Limit |
|---|---|
| **Trial** | Two-week trial period beginning October 20, 2026 |
| **Demand** | November 12, 2025 |
| **Offer** | December 12, 2025 |
| **Disclosure of Claims Against Unnamed Parties** | December 15, 2025 |
| **Amendment of Pleadings** | Plaintiff: January 14, 2026 Defendants: February 13, 2026 |
| **Joinder of Additional Parties** | January 14, 2026 |
| **Third Party Actions** | January 14, 2026 |
| **Motions to Dismiss** | January 13, 2026 |
| **Disclosure of Experts and Experts' Written Reports** | Plaintiff: January 29, 2026 Defendants: March 16, 2026 |
| **Rule 26(e) Supplementation** | June 12, 2026 |
| **Completion of Discovery** | June 1, 2026 |

| | |
|---|---|
| **Motions for Summary Judgment** | June 22, 2026 |
| **Challenges to Expert Testimony** | September 4, 2026 |
| **Joint Statement re: Mediation** | May 8, 2026 |
| **Mandatory Disclosures[1]** | Defendants: October 29, 2025<br>Plaintiff: November 5, 2025 |
| **Interrogatories** | Maximum of 25 by plaintiff to each individual defendant and a maximum of 25 by each individual defendant. |
| **Requests for Admission** | Maximum of 10 by plaintiff to each individual defendant and a maximum of 10 by each individual defendant. |
| **Depositions** | Maximum of 7 non-expert depositions by plaintiff and 7 non-expert depositions by the defendants (combined).  Each deposition shall be limited to a maximum of 7 hours. |

**Electronic Information Disclosures**.  The parties shall meet and confer after the exchange of initial disclosures regarding the production of electronically stored information (ESI). These discussions should be framed in the context of specific claims and defenses and the nature and complexity of the matter. The parties shall consider the factors set out in Civil Form 2 and submit a supplemental statement regarding ESI no later than November 28, 2025, if necessary.[2]

**Claims of Privilege/Protection of Trial Preparation**

---

[1] As discussed at the hearing, the court refers plaintiff to Federal Rule of Civil Procedure 26(a)(1).

[2] The ESI checklist can be found here: http://www.nhd.uscourts.gov/forms-0.

**Materials.**  If a party withholds information based on a claim of privilege, the party must "expressly make the claim" and describe the information not disclosed in a manner that allows "other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).

In the event a party or non-party inadvertently produces or discloses documents or information protected by the attorney-client privilege, work-product doctrine, or any other privilege recognized by law, the party or non-party that inadvertently produced or disclosed the privileged information will promptly notify the party or parties to whom it was disclosed.  Upon receiving such notification, the receiving party shall, within seven (7) days: (1) return the inadvertently produced information and any copies thereof; (2) destroy any remaining copies of such information; (3) not use or disclose such information further; and (4) "take reasonable steps to retrieve the information if the party disclosed it before being notified."  Fed. R. Civ. P. 26(b)(5)(B).  The inadvertent production of such material will not be deemed to waive any privileges.  Nothing herein will prevent any party from arguing that the material was never privileged or otherwise immune from disclosure, or that such privilege or immunity has otherwise been waived.

**Completion of Discovery.**  The parties are advised that the

3

court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed—not a deadline by which discovery is to be served.  Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline.  Where Federal Rules of Civil Procedure 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

**Discovery Disputes.**  Should discovery disputes arise in this case, prior to filing a motion to compel, the parties may request an informal conference.  The party or counsel seeking discovery-related relief should confer with opposing counsel, identify mutually available dates, and then contact the Deputy Clerk to schedule a conference with the court.  The court will inform the parties and counsel what written materials, if any, will be permitted in advance of the conference.  To the extent this informal process does not resolve the discovery dispute, the parties may file an appropriate motion.

**Status Conference.**  The parties shall file a joint statement on the status of discovery no later than 60 days prior to the close of discovery deadline.  The parties should indicate in that report whether they request a discovery status conference before the court.  If the parties request a conference, or if the court otherwise deems one necessary, then

4

the Clerk's Office shall schedule a conference as soon as is

practicable.

    SO ORDERED.

                                Andrea K. Johnstone
                                United States Magistrate Judge

October 17, 2025

cc:   Counsel of Record
       William Soler Justice