# EXHIBIT K

# PLAINTIFF'S SUPPLEMENTAL DRAFT RESPONSES TO DEFENDANT BELANGER'S FIRST SET OF INTERROGATORIES

## Interrogatory No. 1

**Identify all individuals who participated or assisted in answering these Interrogatories.**

**Answer:**

William Soler Justice prepared these responses with the assistance of Wanda Duryea, my guardian, and Chat GPT. Wanda assisted me in recalling facts and reviewing information relating to these responses. I also reviewed documents in my possession while preparing my answers.

## Interrogatory No. 2

**State all facts upon which you base your contention that Defendant Belanger violated your substantive due process rights.**

**Answer:**

I was a civilly committed patient housed at the Secure Psychiatric Unit rather than a convicted prisoner. I contend that Defendant Belanger participated in placing me in restrictive confinement after an incident involving verbal communications with correctional staff. I contend the confinement was punitive and was not based on a legitimate therapeutic purpose, clinical judgment, or immediate safety need. I was subjected to conditions that I describe as approximately 23-hour-per-day confinement. I contend these restrictions were excessive in relation to my conduct and constituted punishment rather than treatment.

## Interrogatory No. 3

**State all facts upon which you base your contention that Defendant Barbaro violated your substantive due process rights.**

**Answer:**

I contend Defendant Barbaro participated in, approved, implemented, or failed to prevent the restrictive confinement described in my Complaint. I contend the confinement served a punitive purpose and was not supported by appropriate therapeutic or clinical justification. I further contend that my status as a civilly committed patient entitled me to treatment-oriented conditions rather than punishment.

---

# Interrogatory No. 4

**State all facts upon which you base your contention that Defendant Belanger violated your procedural due process rights.**

**Answer:**

I contend that before being subjected to restrictive confinement I was not provided adequate notice of any disciplinary charge, a meaningful opportunity to challenge the allegations against me, or a hearing regarding the restrictions imposed upon me. I also contend that I did not receive timely review of the confinement decision. As a result, I contend that I was deprived of liberty without adequate procedural protections.

---

# Interrogatory No. 5

**State all facts upon which you base your contention that Defendant Barbaro violated your procedural due process rights.**

**Answer:**

I contend Defendant Barbaro participated in, approved, or was responsible for the confinement and the failure to provide adequate procedural protections. Specifically, I contend I was not provided proper notice, an opportunity to be heard, or meaningful review of the restrictions imposed on me.

---

# Interrogatory No. 6

**Describe in exact detail the injuries and damages sustained.**

**Answer:**

As a result of the confinement alleged in the Complaint, I experienced emotional distress, anxiety, humiliation, frustration, mental anguish, and worsening of psychiatric symptoms. I contend that isolation and loss of social interaction negatively affected my mental health and well-being. I also contend I suffered loss of enjoyment of life during the confinement period.

I seek compensatory damages for emotional distress, mental suffering, and constitutional injuries. I further seek punitive damages against the individual defendants to the extent permitted by law. The precise amount of damages remains to be determined by the finder of fact and may be supplemented as discovery continues.

---

# Interrogatory No. 7

**Identify all persons having knowledge of the allegations in the Complaint.**

**Answer:**

Persons known to me who may have knowledge concerning the allegations include:

- Aaron Belanger
- Eric Barbaro
- Wanda Duryea
- Eric Hansmeier
- Nancy Clayman
- Wendy Martin
- Christine O'Connor
- Brittany Wallace
- Teresa Quint
- Ann Marie McCoole
- CO Wrenn
- Christian Beer
- Dr. Paul Brown
- Dan Shapiro
- Helen Hanks
- Paula Mattis

Nancy Clayman authored an email stating that I was agitated, that CO Wrenn and CO Belanger reported an issue involving me, that I was secured in my room, and that I would be moved to E-

Ward. The individuals copied on that email may have knowledge regarding the incident and subsequent actions taken.

---

# Interrogatory No. 8

**Identify all persons having knowledge of damages.**

**Answer:**

Persons with knowledge of my emotional distress, complaints, or condition during and after the events alleged in the Complaint include:

- Wanda Duryea
- Eric Hansmeier
- Christian Beer
- Dr. Paul Brown
- Nancy Clayman
- Wendy Martin
- CO Wrenn
- Aaron Belanger
- Eric Barbaro

These individuals may possess information concerning my confinement, my complaints, my mental condition, or the effects of the confinement on me.

---

# Interrogatory No. 9

**Identify each person you expect to call as a witness at trial and summarize expected testimony.**

**Answer:**

Subject to further discovery, I may call:

- **Wanda Duryea** — observations regarding my complaints, emotional distress, and efforts she made on my behalf.
- **Eric Hansmeier** — information concerning guardianship involvement and communications regarding the confinement.

- **Beatrice Coulter, RN** — testimony regarding her observations and professional experience working within the Secure Psychiatric Unit (SPU), including the conditions of confinement, treatment of civilly committed patients, the effects of restrictive housing on patients with serious mental illness, and whether the actions taken against Plaintiff were consistent with accepted clinical and institutional practices.
- **Helen Hanks** — information concerning SPU and DOC policies or practices.
- **Paula Mattis** — information concerning SPU operations and policies.
- **Aubrey Land** — expert testimony concerning correctional standards, confinement practices, and treatment of civilly committed persons in custodial settings.

I reserve the right to supplement this response.

---

# Interrogatory No. 10

**Identify and describe all communications about the incidents alleged in the Complaint.**

**Answer:**

I communicated with Wanda Duryea regarding my confinement, conditions of confinement, emotional distress, and my belief that my rights had been violated. Wanda Duryea advocated on my behalf and communicated concerns to facility personnel. I also communicated about these matters with Eric Hansmeier, Christian Beer, peers and acquaintances identified in prior responses, and various SPU staff members. The communications generally concerned the circumstances of my confinement, my objections to that confinement, my emotional condition, and my belief that the confinement was improper.

---

**Verification**

I, William Soler Justice, declare under penalty of perjury that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Date: _07/10/26 (Fri.)_

William Soler Justice

_William S. Justice_

William Soler Justice

State of New Hampshire

County of Merrimack

Subscribed and sworn before me this 10th day of July, 2026.

Notary Public / Justice of the Peace

My Commission Expires: 6/29/29

KAT FRAGOSE
STATE OF
MY COMMISSION EXPIRES
MAY 29, 2029
NEW HAMPSHIRE
NOTARY PUBLIC

NH DEPT OF JUSTICE
JUL 14 '26 PM 3:05

William S. Justice
51 Storrs Street, #310
Concord, NH 03301

DUNCAN A. EDGAR, A
Civil Litigation Unit
NH Dept. of Justice
1 Granite Place South
Concord, NH 03301

The UPS Store Smart Label
Tracking #
1ZY0914R037500 3836

WILLIAM S JUSTICE          1 LBS      1 OF 1
(603) 931-6357            SHP WT. 1 LBS
APT 310                   DATE: 10 JUL 2026
51 STORRS ST
CONCORD NH 03301

SHIP TO:
DUNCAN A EDGAR AAG
NH DEPT OF JUSTICE
1 GRANITE PL

CONCORD   NH 03301-3271



NH 031 9-01

UPS GROUND
TRACKING #:  1Z Y09 14R 03 7500 3836



BILLING: P/P

NH DEPT JUST CE 33
1 GRANITE PL

CONCORD NH 03301

P: BLUE    S: 4       1: 37
N MAN -- 3867
1ZY0914R037500   3836