**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| WILLIAM SOLER JUSTICE,<br><br>          Plaintiff,<br>   v.<br><br>AARON BELANGER,<br><br>  – and –<br><br>ERIC BARBARO,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 23-cv-00308-SE-AJ |

**DEFENDANTS' OBJECTION TO "PLAINTIFF'S MOTION FOR *IN CAMERA*
REVIEW OF REDACTED DOCUMENTS AND MOTION TO EXTEND CASE
MANAGEMENT DEADLINES" WITH INCORPORATED MEMORANDUM OF LAW**

Although the Defendants have responded to Mr. Justice's belated request for production, timely produced the all of the responsive documents that he sought with limited redactions, furnished a privilege log that contains more than enough information for Mr. Justice to assess the bases for these redactions, and engaged in a good faith "meet and confer" with Mr. Justice in an effort to informally resolve his concerns with this document production, Mr. Justice nevertheless filed his "Motion for *In Camera* Review of Redacted Documents and Motion to Extend Case Management Deadlines" (the "Motion"). This Court should deny Mr. Justice's Motion in its entirety because it (a) is procedurally improper, (b) does not articulate a sufficient reason for this Court to conduct an *in camera* review, and (c) provides no basis as to why this Court should extend the expired deadlines in the parties' discovery plan. The Defendants will address each of these arguments in turn.

1

## I. BACKGROUND

Before addressing the merits of the Motion, however, the Defendants must correct Mr. Justice's incomplete and inaccurate characterization of the events leading to the filing of his Motion. The following summary, which is supported by the parties' email correspondence and the Defendants' discovery production attached as exhibits hereto, sets forth the sequence of the events giving rise to this discovery dispute.

This Court entered its Order (the "Discovery Plan Order") approving the parties' proposed discovery plan on October 17, 2025 (Doc. No. 15). Among other things, the Discovery Plan Order approved the following scheduling deadlines that both the undersigned counsel and Mr. Justice agreed to:

| Scheduling Designation | Deadline |
|---|---|
| Plaintiff's Disclosure of Experts and Experts' Written Reports | January 14, 2026 |
| Completion of Discovery | June 1, 2026 |
| Motions for Summary Judgment | June 22, 2026 |

*Id.* The Discovery Plan Order further provided that this Court "considers the deadline for the completion of discovery to be the deadline by which discovery is to be completed—not a deadline by which discovery is to be served" and that "[p]ropounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline." *Id.* at 4. The Discovery Plan Order also advised that "[w]here Federal Rules of Civil Procedure 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, *the recipient need not provide a response*." *Id.* (emphasis added).

Over the months that followed the entry of the Discovery Plan Order, Mr. Justice did not propound any discovery upon the Defendants or ask the Defendants for additional time to complete

2

discovery.  On May 7, 2026, within thirty days before the end of the discovery period, Mr. Justice sent an email to the undersigned counsel in which he asked for copies of the Defendants' "text msgs/emails (incoming/outgoing) . . . from Tuesday February 13th, 2018 through Tuesday, August 04, 2020 (the times that [he] was a patient at the SPU, under [his] FORMER NAME, William Soler Jr.)." Exhibit A (emphasis in original).  Counsel for the Defendants construed this communication as a request for production of documents, but explained in an email to Mr. Justice that the Defendants "need not respond" to this discovery request because Fed. R. Civ. P. 34(b)(2) would call for a response *after* the close of discovery.[1]  Exhibit B.  However, as a matter of professional courtesy, the undersigned counsel offered his assent to a thirty-day extension of the discovery deadline so that Mr. Justice's belated request for production would be timely, provided that Mr. Justice would return this favor with his assent to a thirty-day extension of the summary judgment deadline.  *Id.*

Mr. Justice responded through a separate email as follows: "We (my guardian and I)  agree ONLY to the Discovery deadline, but, NOT to the Summary Judgement deadline."  Exhibit C (emphasis in original).  The Defendants then filed their Partially Assented-to Motion to Extend Discovery Plan Deadlines, seeking a thirty-day extension of both the discovery deadline and the motion for summary judgment deadline (Doc. No. 19), which this Court granted (in full) on June 10, 2026.

The Defendants then served their response to Mr. Justice's request for production on June 30, 2026.  This production included "all emails within [each] Defendants' official, State-owned email account (including deleted emails) that include the terms 'William' AND 'Soler' OR 'Soler'

---

[1] Mr. Justice served his request for production on May 7, 2026.  Under Fed. R. Civ. P. 34(b)(2)(A), the Defendants' response was due thirty days later.  Because the thirtieth day fell on a Saturday, June 6, 2026, the response deadline was extended to the following Monday, June 8, 2026, by operation of Fed. R. Civ. P. 6(a)(1)(C).  In either event, both dates fell after the June 1, 2026 close of discovery.

OR '42507,' which was Mr. Justice[']s patient identification number, dated between February 13, 2018 and August 4, 2020." Exhibit D at 5. This production consisted of 101 pages, which were Bates stamped as DOC-000001 to DOC-000101, and included both emails *and* the attachments to those emails in PDF format. *Id.* at 7 to 107. A limited portion of this production was redacted because (a) some of the information in these documents contained protected health information ("PHI") or personally identifiable information ("PII") that belonged to other patients at the SPU who had no personal knowledge of either parties' claims or defenses in this litigation and (b) three separate emails contained information that was protected by the attorney-client privilege. *Id.* at 108. The Defendants' also provided Mr. Justice with a privilege log detailing the reasons for these redactions that fully complied with Fed. R. Civ. P. 26(b)(5). *Id.* at 108.

On July 1, 2026, less than five hours after receiving these materials, Wanda Duryea, who is Mr. Justice's guardian and not admitted to practice law in any jurisdiction, sent an email to the undersigned counsel that detailed what she described as "deficiencies" with the Defendants' discovery production and demanded a "telephonic meet-and-confer this week to resolve these matters efficiently." Exhibit E. The undersigned counsel called Mr. Justice on July 8, 2026. Present during this telephonic meet-and-confer discussion were Mr. Justice, Ms. Duryea, the undersigned counsel, and his colleague, Assistant Attorney General James Holl.

Mr. Justice's position on the Defendants' discovery production was articulated during this phone call, for the most part, by Ms. Duryea. The undersigned counsel directed Ms. Duryea to the Defendants' privilege log and explained that the attachments she claimed to have been "entirely omitted from the physical production" were actually included in their discovery production immediately after the email to which the document was attached. *See* Ex. D at DOC-000058 (Use of Force Resident Soler, William.xls), DOC-000060 (6-25.xlsx), DOC-000062 to 74 (Soler

4

Inciden.pdf).    The undersigned counsel further explained that the Defendants did not produce these files in their native format because (a) this Court never ordered, and the parties never agreed, that electronically stored information ("ESI") be produced in any particular format and (b) Mr. Justice did not specify a particular ESI format in his May 7, 2026 request for production.  The undersigned counsel maintained that the Defendants' redactions were proper in all respects, but added that they would take Ms. Duryea's objections to their attorney-client privilege claim under advisement.

Later that evening, less than twenty-four hours after the parties' meet-and-confer, Mr. Justice sent an email to the undersigned counsel asking for the Defendants' assent to his "Motion to Compel Discovery and Motion to Extend Case Management Deadlines," which was pasted within the body of this email.  Exhibit F at 3-9.  The undersigned counsel replied to this demand on July 9, 2026.  *Id.* at 2.  In this reply, the undersigned counsel stated that the Defendants' withdrew their claim of privilege as to the emails at DOC-000013 to 14 and DOC-000028 to 23, produced unredacted copies of these emails in PDF format, and furnished an updated privilege log to reflect the withdrawal of the Defendants' claim of privilege with respect to these documents. *Id.* at 2, 22.  The undersigned counsel also provided Mr. Justice with the native version of the excel files originally produced in PDF format at DOC-000058 (Use of Force Resident Soler, William.xls) and DOC-000060 (6-25.xlsx).  *Id.* at 10-21.

Mr. Justice then filed his Motion less than seven hours after receiving this supplemental production.  Ms. Duryea then sent an email to the undersigned counsel with a copy of an expert report authored by Aubrey Land on July 16, 2026, more than six months after Mr. Justice's expert

witness disclosure deadline and one month after the close of discovery.  Mr. Justice did not disclose

Mr. Land as an expert witness to the Defendants prior to this July 16, 2026 email transmittal.[2]

## II. ARGUMENT

**A.      Mr. Justice's Motion Is Procedurally Improper.**

Local Rule 7.1(a) clearly states that "[f]ilers shall not combine multiple motions seeking

separate and distinct relief into a single filing."  Despite this mandate, Mr. Justice's Motion does

just that.  Specifically, he asks this Court to (i) conduct an *in camera* review of certain documents

*and* (ii) extend the deadlines set forth in the Discovery Plan Order.  Mr. Justice should have filed

two separate motions.  Even if he did, the present Motion fails to establish that Mr. Justice is

entitled to either form of relief that he now seeks.

**B.      Mr. Justice's Motion Fails To Provide Any Reason For This Court To Conduct An *In Camera* Review.**

Mr. Justice claims, albeit incorrectly, that the Defendants' document production at DOC-

000008 and 18 to 19 was "completely redacted" and asks this Court to conduct an *in camera* review

of these documents.  Pl.'s Mot. at 3.  The decision to review materials *in camera* is left to the sound

discretion of the trial court.  *United States v. Zolin*, 491 U.S. 554, 572 (1989).  As the moving party,

Mr. Justice bears the burden of justifying an *in camera* review.  *See id.*  An *in camera* review is

not appropriate simply because Mr. Justice objects to the Defendants' redactions.  *See id.* at 571-

72.  Moreover, a mere objection, or even a suspicion, is not a basis upon which *in camera* review

would be warranted.  *See id.*  A court should only conduct an *in camera* review after the moving

party provides a sufficient factual basis to support a good faith belief that *in camera* review will

---

[2] While Mr. Justice's answers to the Defendants' Interrogatories did include a vague reference to Mr. Land as a potential expert witness, Doc. No. 23-14 at 11 (answer to Interrogatory 9), this is a far cry from the disclosure required by Fed. R. Civ. P. 26(a)(2).  *See Pena-Crespo v. Puerto Rico*, 408 F.3d 10, 13-14 (1st Cir. 2005).

reveal improperly withheld materials. *Id.* at 572-74. Simply put, Mr. Justice fails to meet this standard.

Here, Mr. Justice states that he "does not seek disclosure of protected medical information or personally identifying information relating to unrelated third parties." Pl.'s Mot. at 3. He also claims to "acknowledge[] that legitimate privacy interests may justify limited and narrowly tailored redactions." The Defendants redacted the information DOC-000008 and 18 to 19 precisely for this reason—*i.e.*, the redacted information contained PII and PHI concerning unrelated third parties that have no personal knowledge of the material facts of this case—and expressly stated as such in their privilege log. Ex. F at 21. The Defendants also did not "completely" redact these documents. Again, this is evident from their document production. Ex. D at 14, 24-25. Even if this Court were to conduct an *in camera* review, there is nothing behind these redactions that would generate a genuine issue of material fact that Mr. Justice can use to avoid summary judgment.

Mr. Justice's Motion, to the extent that it asks this Court to conduct an *in camera* review, is therefore inadequate. Accordingly, this Court should deny Mr. Justice's Motion.

## C.    Mr. Justice's Motion Fails To Provide Any Reason For An Extension Of The Discovery Plan Deadlines.

Mr. Justice goes on to argue that "good cause exists to extend" the Discovery Order deadlines. Mot. at 3. Here, all of the deadlines that Mr. Justice asks this Court to extend have expired, and under these circumstances, he must do more than demonstrate good cause. Mr. Justice "must show that [his] failure to request an extension in a timeous manner constitutes excusable neglect." *Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 26 (1st Cir. 2013). While Mr. Justice advances several points as to why this Court should extend the expired deadlines in its Discovery Plan Order, none of these proffered reasons come

close to establishing that his neglect in this regard was excusable.  The Defendants will address each of these points in turn.

1.    **Mr. Justice's claim that "discovery disputes remain unresolved."**

"First, discovery disputes remain unresolved and concern materials relevant to Plaintiff's claims and Defendants' defenses."  Pl.'s Mot. at 3.  As for his fifth reason, Mr. Justice likewise states that "Defendants' supplemental production demonstrates that discovery issues remain[] unresolved."  *Id.*  As explained above, the information that the Defendants' redacted its wholly irrelevant.  Even if Mr. Justice had this information, he would not be able to prevail on his claims in this case.

2.    **Mr. Justice's claim that he needs more time to review discovery.**

"Second, Plaintiff has been unable to fully review and utilize responsive records obtained from the New Hampshire Department of Corrections because the CD containing those records was damaged during mail and could not be accessed."  *Id.*  For his third reason to support his request that this Court extend its expired Discovery Plan Order deadlines, Mr. Justice further claims that he "anticipates producing information and materials responsive to Defendants' discovery requests from approximately 3,000 pages of records obtained from the New Hampshire Department of Corrections."  *Id.*

The only discovery request that the undersigned counsel received from Mr. Justice in this case was his May 7, 2026 email.  It is far from clear what Mr. Justice is referring to here, but it appears that he requested these documents directly from the DOC, as opposed to seeking this information from the Defendants through their counsel.  In any event, Mr. Justice does not explain when he requested these records or whether this information would change the outcome of this litigation.  This is insufficient to justify his request to further prolong this litigation.

8

### 3.    Mr. Justice's expert witness.

As for his fourth reason, Mr. Justice claims that he has not been able to consult with his expert witness, Aubrey Land, prior to the expiration of his expert witness disclosure deadline on January 14, 2026.  Mr. Justice, however, fails to acknowledge that retained Mr. Land as an expert witness in his other federal suit against the State—Case No. 20-cv-00517—as early as July 16, 2025.  Mr. Justice does not explain why he could not have contacted Mr. Land before January 14, 2026 about preparing an expert report for the purposes of this litigation.

In addition, it appears that Mr. Justice filed two documents with this Court at some point between January 7, 2026 and January 23, 2026 that relate to his expert witness.  The Defendants cannot say for sure, however, because both of these documents were filed under seal.  The undersigned counsel cannot access Doc. No. 16 because that document, and its related docket text entries appear to have been sealed at Level II.   A true and accurate copy of this Court's "Docket Report" as viewed from the undersigned counsel's PACER account is attached hereto as Exhibit G.  As shown on this Docket Report, there is a gap between Doc. No. 15 and Doc. No. 17.  Furthermore, while the docket entry text for Doc. No. 17 ("EX PARTE MOTION appropriate funds for expert witness filed by William Soler Justice") was not sealed, the actual document filed as Doc. No. 17 was sealed.  Thus, the undersigned counsel cannot view Doc. No. 17 as well.

On May 22, 2026, the undersigned counsel sent an email to Mr. Justice asking for him to provide copies of Doc. No. 16 and 17.  Exhibit H.  Ms. Duryea responded to that email, and refused to provide this information because "expert witnesses are not required to be disclosed until a certain date."  *Id.*  That date was January 14, 2026 and Mr. Justice (or his guardian, who is not admitted to practice law) waited until after the close of discovery to extend this deadline.

In all, none of these reasons amount to the excusable neglect that Mr. Justice must establish in order to justify his requests for an extension of the expired deadlines in this Court's Discovery Plan Order.  Thus, to the extent that Mr. Justice's Motion seeks an extension of these deadlines, that Motion should be denied.

### III. CONCLUSION

For the reasons explained herein, Mr. Justice fails to articulate a sufficient reason for this Court to conduct an *in camera* review or extend the expired deadlines in the Discovery Plan Order. The Defendants have already filed their Motion for Summary Judgment, and this Court should reject Mr. Justice's invitation to drag out this litigation.  Accordingly, Mr. Justice's Motion should be denied in its entirety.

Respectfully submitted,

AARON BELANGER and ERIC BARBARO

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: July 24, 2026

/s/ Duncan A. Edgar
Duncan A. Edgar, Esq., Bar No. 266272
Assistant Attorney General
New Hampshire Department of Justice
Civil Litigation Unit
1 Granite Place South
Concord, NH 03301
(603) 271-3658
duncan.a.edgar@doj.nh.gov

### CERTIFICATE OF SERVICE

I, Duncan A. Edgar, hereby certify that on this date, I caused a true copy of the foregoing to be served to all parties that have entered appearances in this case via CM/ECF.

Dated: July 24, 2026

/s/ Duncan A. Edgar
Duncan A. Edgar, Esq.

10