# EXHIBIT B

## Edgar, Duncan

| | |
|---|---|
| **From:** | Edgar, Duncan |
| **Sent:** | Tuesday, May 19, 2026 1:49 PM |
| **To:** | William Justice |
| **Cc:** | Wanda Duryea |
| **Subject:** | RE: Your availability to telephone ☎ conference |
| **Attachments:** | Assented-to Motion to Extend Discovery Order Deadlines (DRAFT).pdf; Emails with WSJ re discovery deadline 05.05.26.pdf; Joint Statement on the Status of Discovery (DRAFT).pdf |

Mr. Justice:

I am writing to follow up on your email below along with your other email that you sent to me on May 5, 2026 concerning my proposal to extend the discovery deadline in this case by thirty days.  A copy of my email to you on that subject, together with your response under a separate email, is attached for your reference.  The subject matter of this email will cover (a) my proposal to extend the discovery plan deadlines, (b) our proposed joint statement on the status of discovery, and (c) my clients' position on mediation.

### A.  Extension of Discovery Order Deadlines

As stated in my May 5, 2026 email, I asked whether you will assent to a thirty-day extension of the discovery deadline in this case.  In response, you stated that would agree to "[f]ifteen days for 'status' of discovery & 15 days for 'deadline' of discovery."  A thirty-day extension of the discovery deadline will better suit my current case load and, if we can agree on such an extension, I further ask that you assent to a thirty-day extension of the motion for summary judgment deadline.  Please see the attached document titled "Assented-to Motion to Extend Discovery Order Deadlines (DRAFT)" for a more detailed explanation of this proposal.

This proposal is fair and will not result in any prejudice to your interests.  In fact, this proposed extension will work to your benefit because, absent an extension of the discovery deadline, my clients need not respond to your request for production.  Please let me know whether I have your assent to a thirty-day extension of time for the completion of discovery and the filing of motions for summary judgment.

### B.  Joint Statement on the Status of Discovery

I have put together a draft of our Joint Statement on the Status of Discovery, a copy of which is attached.  Please let me know whether you have anything to add.  I will file this document under both of our names once we can agree on the final version.

### C.  Joint Statement Regarding Mediation

As you may know, mediation is not mandatory in federal court.  Given the realities of our respective litigation positions along with your settlement demand of $475,000.00, my clients are not willing to mediate this matter.  That said, if you are willing to accept a more reasonable settlement, then we are open to further discuss.  I will need to get my clients' settlement authority, but they will be more receptive to a demand that is reflective of the nuisance value of this suit.  Furthermore, any settlement of this case will necessarily require you to drop all other cases that you have against the State and any State employees.

If you are receptive to this more realistic settlement outcome, then I suppose that a mediation would be worth our time.  If not, then I will be filing a statement with the court that, in my clients' view, this case is not suitable for mediation.

In sum, please let me know whether (a) you will agree to a thirty day extension of the discovery deadline and motion for summary judgment deadline, (b) you are okay with the draft of our Joint Statement on the Status of Discovery and, if not, what changes are needed, and (c) whether settlement in an amount of this case's nuisance value and the dismissal of all other suits that you have against the State is a non-starter.  Please reply to this email as opposed to sending a separate email.

Thank you,

Duncan


**Duncan A. Edgar**
Assistant Attorney General
Civil Litigation Unit
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-4900
duncan.a.edgar@doj.nh.gov

The information contained in this electronic message and any attachment to this message may contain confidential or privileged information and is intended for the exclusive use of the intended recipient(s).  Please notify the Attorney General's office immediately at (603) 271-3658 or reply to justice@doj.nh.gov if you are not the intended recipient and destroy all copies of this electronic message and any attachments.

---

**From:** William Justice <gentlegiant03301@yahoo.com>
**Sent:** Saturday, May 16, 2026 10:32 AM
**To:** Edgar, Duncan <duncan.a.edgar@doj.nh.gov>; Wanda Duryea <nh_cherokee@yahoo.com>
**Subject:** Your availability to telephone 📞 conference

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

05/16/26 (Saturday)

William S. Justice, Plaintiff

Duncan Edgar, Defendants' Counsel

William Soler Justice v. Correctional Officers, Aaron Belanger & Eric Barbaro
Case No. DN 1:23-cv-00308-SE-AJ

Dear Atty. Edgar:

I hope this email finds you well.

I was hoping that you, my guardian (Ms. Wanda Duryea), and I can get together soon in a telephone 📞 conference since we have less than 2 weeks to collaborate because of the Thursday, May 28th, 2026 deadline.

Wanda and I were aiming to have that conference on Tuesday, May 19th, 2026, anytime from 12 noon or later.  Are you, Counselor Edgar, agreeable to this date and/or time?

God BLESS and. . . .

Respectfully,

Bill JUSTICE


Yahoo Mail: Search, Organize, Conquer