# EXHIBIT F

Case 1:23-cv-00308-SE-AJ    Document 25-6    Filed 07/23/26    Page 1 of 22

| | |
|---|---|
| **From:** | Edgar, Duncan |
| **To:** | William Justice |
| **Cc:** | Gagan, Taylor; Coombs, Anne; Wanda Duryea |
| **Bcc:** | Serrano, Susanna |
| **Subject:** | RE: Please assent to the following motions by 5pm, Thursday, 07/09/26 |
| **Date:** | Thursday, July 9, 2026 4:55:00 PM |
| **Attachments:** | Use of Force Resident Soler,William.xls |
| | 6-25.xlsx |
| | DOC-000009 to DOC-000016.pdf |
| | DOC-000028 to DOC-000031.pdf |
| | Supplemental Privilege Log.pdf |

Mr. Justice:

No, we do not assent to your proposed motion. With that said, we are providing you with the following information after considering the points that Ms. Duryea raised on your behalf during our "meet and confer" discussion yesterday afternoon.

First, with respect to Ms. Duryea's claim that we have overly-redacted our production based on the attorney-client privilege, we are now providing you with an unredacted copy of the documents that are Bates stamped at DOC-000013 to 14 and 28 to 30. Please note that this supplemental production does not, in any way, constitute a waiver of any privilege or protection. Our clients expressly assert all rights to withhold information on the basis of any applicable privilege or other protection. We also stand by our assertion of the attorney client privilege with respect to the single sentence email at DOC-000032, as this redaction was proper in all respects. We have also attached an updated version of our privilege log to reflect the withdrawal of our claim of privilege at DOC-000013 to 14 and 28 to 30

Second, as we explained during our discussion yesterday afternoon, our original production included the excel files that Ms. Duryea claimed (albeit incorrectly) were missing. The document with the file name "Use of Force Resident Soler, William.xls" appears at DOC-000058, the document with the file name "6-25.xlsx" was produced at DOC-000060, and the document with the file name "Soler Incident.pdf" was produced at DOC-000062 to 74. Although we have not stipulated to a specific format of ESI production, we are now providing you with the documents bearing the file names of "Use of Force Resident Soler, William.xls" and "6-25.xlsx" in their native format. We are not providing you with the native version of "Soler Incident.pdf" because (a) it has already been produced and (b) it contains a single redaction at DOC-000074 which is proper in all respects. If you have any question about the basis for that redaction, we refer you to the attached supplemental privilege log.

It is our position that we have fully complied with our discovery obligations and that your "motion to compel" is deficient in all other respects. If you wish to proceed with the filing of your motion to compel, our clients reserve all rights, including the right to seek an award of attorneys' fees and costs against you. To the extent that your proposed motion seeks a belated extension of the Discovery Order deadlines, we do not assent.

Thank you,

Duncan

**Duncan A. Edgar**
Assistant Attorney General
Civil Litigation Unit
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-4900
duncan.a.edgar@doj.nh.gov

The information contained in this electronic message and any attachment to this message may contain confidential or privileged information and is intended for the exclusive use of the intended recipient(s).  Please notify the Attorney General's office immediately at (603) 271-3658 or reply to justice@doj.nh.gov if you are not the intended recipient and destroy all copies of this electronic message and any attachments.

---

**From:** William Justice <gentlegiant03301@yahoo.com>
**Sent:** Wednesday, July 8, 2026 9:48 PM
**To:** Edgar, Duncan <duncan.a.edgar@doj.nh.gov>; Wanda Duryea <nh_cherokee@yahoo.com>
**Subject:** Please assent to the following motions by 5pm, Thursday, 07/09/26

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

Please assent to the following motions by 5pm, Thursday, 07/09/26

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW HAMPSHIRE**

**WILLIAM SOLER JUSTICE,**

Plaintiff,

v.

**AARON BELANGER and ERIC BARBARO,**

Defendants.

Civil No. 23-cv-00308-SE-AJ

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MOTION TO EXTEND CASE MANAGEMENT DEADLINES**

Plaintiff William Soler Justice, proceeding pro se, respectfully moves pursuant to Fed. R. Civ. P. 16(b)(4), 26, 34, and 37(a) for an Order compelling discovery, requiring clarification and certification regarding certain disputed productions, and extending the remaining case management deadlines.

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, Plaintiff certifies that on July 8, 2026, Plaintiff participated in a telephonic meet-and-confer with Assistant Attorney General Duncan A. Edgar regarding the matters raised in this Motion. Attorney James Holl also participated in the conference.

The parties discussed Defendants' privilege assertions, redactions, document productions, and discovery deadlines. Despite good-faith efforts, the parties were unable to resolve the disputes described herein, Defense Attorney took issue with Wanda Duryea (Guardian )assisting Plaintiff.

**I. BACKGROUND**

Plaintiff served requests for production upon Defendants on May 6, 2026.

Defendants subsequently sought and obtained an extension of discovery deadlines after representing that, if the extension were granted, they would respond to Plaintiff's requests for production. The discovery disputes raised herein arise directly from the production subsequently provided by Defendants.

Following review of Defendants' production and privilege log, Plaintiff identified significant disputes concerning:

1. Documents withheld under claims of attorney-client privilege;
2. Documents substantially or entirely redacted on privacy grounds;
3. Electronic files referenced in the production whose completeness remains unclear;
4. Scheduling deadlines that cannot reasonably be met due to ongoing discovery disputes and circumstances beyond Plaintiff's control.

**II. ATTORNEY-CLIENT PRIVILEGE CLAIMS REQUIRE IN CAMERA REVIEW**

Defendants' privilege log asserts attorney-client privilege over Bates numbers:

- DOC-000013 through DOC-000014; and

- DOC-000028 through DOC-000030.

The privilege log describes these communications as emails seeking legal advice from counsel.

However, the disclosed portions reveal communications involving multiple non-attorney participants, including Plaintiff's guardian, Eric Hansmeier, and discussions regarding Plaintiff's phone communications, request slips, communications with Wanda Duryea, and potential restrictions on communications.

For example:

- DOC-000014 discusses Plaintiff's communications with Wanda Duryea and asks whether staff should limit Plaintiff's contact with her.
- DOC-000028 through DOC-000030 concern Plaintiff's request slips, communications with his guardian, phone calls, and communications with Wanda Duryea.

The privilege log does not identify the specific legal advice sought, does not explain what portions allegedly contain legal advice, and does not permit meaningful assessment of whether factual or administrative content has been improperly withheld.

Accordingly, Plaintiff respectfully requests that the Court conduct an **in camera review** of DOC-000013 through DOC-000014 and DOC-000028 through DOC-000030.

## III. OVERBROAD REDACTIONS

Defendants heavily redacted or substantially obscured:

- DOC-000008;
- DOC-000018; and
- DOC-000019. Defendants do not claim attorney-client privilege as to these documents. Rather, Defendants contend the documents contain protected health information or personally identifying information concerning third parties. Plaintiff does not object to narrowly tailored redactions protecting the identities and confidential medical information of unrelated persons.

However, the production demonstrates that the redactions extend beyond simple identifying information and suppress substantive content relating to housing decisions, institutional activities, and events relevant to Plaintiff's claims.

To the extent names or identifying information of other residents appear within the documents, those names may be redacted without concealing the remaining substantive information.

Plaintiff therefore requests revised production of DOC-000008, DOC-000018, and DOC-000019 with only narrowly tailored redactions.

## IV. ELECTRONIC FILES HAVE NOT BEEN SUFFICIENTLY IDENTIFIED

Defendants' production references the following files:

- **Use of Force Resident Soler, William.xls**;
- **6-25.xlsx**; and
- **Soler Incident.pdf.**

Specifically:

- DOC-000057 references an attachment named "Use of Force Resident Soler, William.xls."
- DOC-000059 references an attachment named "6-25.xlsx."
- DOC-000061 references an attachment named "Soler Incident.pdf."

During the July 8, 2026 meet-and-confer, defense counsel represented that those files had already been produced within the Bates production.

Plaintiff respectfully disagrees that the present production clearly establishes that complete copies of those files were produced.

For example, the production contains what appears to be an SPU/RTU Weekly Use of Force Report, but Plaintiff cannot determine whether that document constitutes the complete electronic file identified as "Use of Force Resident Soler, William.xls."

Likewise, Plaintiff cannot determine whether the Bates pages following the emails transmitting the files constitute complete reproductions of the referenced electronic documents.

Accordingly, Plaintiff requests that Defendants be ordered to either:

**A. Produce complete copies of:**

- Use of Force Resident Soler, William.xls;
- 6-25.xlsx; and
- Soler Incident.pdf;

or

**B. Identify by Bates number all pages comprising those files and certify that the identified pages constitute complete copies of the original files.**

## V. GOOD CAUSE EXISTS TO EXTEND CASE MANAGEMENT DEADLINES

Good cause exists under Rule 16(b)(4).

First, the discovery disputes identified herein remain unresolved and directly concern evidence central to the claims and defenses in this action.

Second, Plaintiff has been unable to access responsive records obtained from the New Hampshire Department of Corrections because the CD containing those materials was damaged during mailing and could not be read.

Third, Plaintiff's expert witness has been outside New Hampshire and unavailable to complete and finalize his expert report despite Plaintiff's diligent efforts.

Fourth, the present disputes arise from productions provided after Defendants previously obtained an extension relating to Plaintiff's requests for production. These issues therefore could not reasonably have been raised earlier.

Plaintiff submits that a sixty-day extension will permit completion of expert disclosures, review of responsive materials, resolution of discovery disputes, and orderly preparation of the case.

## VI. PROPOSED REVISED SCHEDULING ORDER

Plaintiff respectfully proposes the following revised deadlines:

| Event | Proposed Deadline |
| --- | --- |
| Plaintiff Expert Disclosure | September 15, 2026 |
| Defendants Expert Disclosure | October 15, 2026 |
| Completion of Discovery | November 15, 2026 |
| Rule 26(e) Supplementation | November 30, 2026 |
| Dispositive Motions | December 15, 2026 |
| Challenges to Expert Testimony | January 15, 2027 |

Plaintiff further requests that the trial term be adjusted as necessary by the Court. The original scheduling order established a two-week trial period beginning October 20, 2026

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Conduct an in camera review of DOC-000013 through DOC-000014 and DOC-000028 through DOC-000030;

B. Order production of revised copies of DOC-000008, DOC-000018, and DOC-000019 with only narrowly tailored redactions;

C. Order Defendants to either:

1. Produce complete copies of:

   - Use of Force Resident Soler, William.xls;
   - 6-25.xlsx;
   - Soler Incident.pdf;

or

2. Identify by Bates number the pages comprising those files and certify that the identified pages constitute complete copies of the original files;

D. Extend all remaining case management deadlines as set forth above;

E. Reschedule the trial term as necessary;

F. Deem this Motion timely because the disputes arise from document productions provided following Defendants' prior requested extension of discovery deadlines; and

G. Grant such other relief as justice requires.

Respectfully submitted,

**William Soler Justice**
Plaintiff, Pro Se
51 Storrs Street #310
Concord, NH 03301
(603) 931-6357
gentlegiant03301@yahoo.com

Dated: July ___, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of July, 2026, a true and accurate copy of the foregoing Motion was served upon Assistant Attorney General Duncan A. Edgar through CM/ECF and/or by any other authorized means of service.

---

William Soler Justice

---

**[PROPOSED] ORDER**

The Court has reviewed Plaintiff's Motion to Compel Discovery and Motion to Extend Case Management Deadlines.

The Motion is GRANTED as follows:

1. Within fourteen (14) days, Defendants shall submit DOC-000013 through DOC-000014 and DOC-000028 through DOC-000030 to the Court for in camera review.
2. Within fourteen (14) days, Defendants shall produce revised copies of DOC-000008, DOC-000018, and DOC-000019 with only narrowly tailored redactions protecting third-party identifying and medical information.
3. Within fourteen (14) days, Defendants shall either:

a. Produce complete copies of:

- Use of Force Resident Soler, William.xls;
- 6-25.xlsx; and
- Soler Incident.pdf;

or

b. Identify by Bates number the pages comprising those files and certify that the identified pages constitute complete copies of the original files.

4. Case management deadlines are amended as follows:

| Event | New Deadline |
|---|---|
| Plaintiff Expert Disclosure | September 15, 2026 |
| Defendants Expert Disclosure | October 15, 2026 |
| Completion of Discovery | November 15, 2026 |
| Rule 26(e) Supplementation | November 30, 2026 |
| Dispositive Motions | December 15, 2026 |
| Challenges to Expert Testimony | January 15, 2027 |

5. The October 20, 2026 trial period is vacated and shall be reset by the Court as necessary. SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

Date: _____

| | |
|---|---|
| **From:** | Graves, Garrett |
| **To:** | O"Connor, Christine; Robinson, Deborah |
| **Cc:** | Marshall, Scott; Barbaro, Eric |
| **Subject:** | RE: thoughts regarding issue - attorney client communication |
| **Date:** | Thursday, July 9, 2020 4:41:59 PM |

Thanks for including me in the email.

Garrett

**From:** O'Connor, Christine <Christine.O'Connor@doc.nh.gov>
**Sent:** Thursday, July 9, 2020 4:32 PM
**To:** Robinson, Deborah <Deborah.Robinson@doc.nh.gov>; Graves, Garrett <Garrett.Graves@doc.nh.gov>
**Cc:** Marshall, Scott <Scott.Marshall@doc.nh.gov>; Barbaro, Eric <Eric.Barbaro@doc.nh.gov>
**Subject:** RE: thoughts regarding issue - attorney client communication

Have we pulled the any of the phone records?

I also did a note in tech care about how Wanda Duryea adamantly will not stop three way calls. She began quoting RSA's and talking about patient's have different rights than patients and she was going to keep facilitating three way calls with every person she speaks to on the phone who is at SPU.

Christine O'Connor, LICSW, MLADC
Senior Psychiatric Social Worker SPU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
christine.o'connor@doc.nh.gov
Phone 603.271.1803
Fax 603.271.1836

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use , disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1803. Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

**From:** Robinson, Deborah <Deborah.Robinson@doc.nh.gov>
**Sent:** Tuesday, June 16, 2020 2:19 PM
**To:** Graves, Garrett <Garrett.Graves@doc.nh.gov>; O'Connor, Christine <Christine.O'Connor@doc.nh.gov>; Quint, Teresa <Teresa.Quint@doc.nh.gov>
**Subject:** FW: thoughts regarding issue - attorney client communication

FYI

**DOC-000009**

Deborah Robinson, MS, CTRS/L, FACHE
Administrator of SPU & RTU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
deborah.robinson@doc.nh.gov
Phone 603.271.1845
Fax 603.271.1836
Pager 603.385.0155

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1845 or my assistant at 603-271-7924.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

**From:** Robinson, Deborah
**Sent:** Tuesday, June 16, 2020 2:19 PM
**To:** Barbaro, Eric <Eric.Barbaro@doc.nh.gov>; Marshall, Scott <Scott.Marshall@doc.nh.gov>
**Subject:** FW: thoughts regarding issue - attorney client communication

Can we pull Mr. Soler's calls? I'd like to listen to some, esp that have Wanda placing a third party call.

Anything from today 6/16 would be good.

Mr. Soler needs an additional warning about misuse of the phone and probably a priv reduction is warranted.

Deborah Robinson, MS, CTRS/L, FACHE
Administrator of SPU & RTU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
deborah.robinson@doc.nh.gov

**DOC-000010**

Phone 603.271.1845
Fax 603.271.1836
Pager 603.385.0155

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1845 or my assistant at 603-271-7924.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

---

**From:** Robinson, Deborah
**Sent:** Tuesday, June 16, 2020 1:58 PM
**To:** Quint, Teresa <Teresa.Quint@doc.nh.gov>
**Cc:** 'Hansmeier, Eric' <EHansmeier@opgnh.org>
**Subject:** FW: thoughts regarding issue - attorney client communication

Hi Teresa
Can you help me with this? I know you saw Mr. Soler today since Chris is on vacation. Heather can schedule a call when the time works for you and Eric H.
Thanks Debbie

---

Deborah Robinson, MS, CTRS/L, FACHE
Administrator of SPU & RTU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
deborah.robinson@doc.nh.gov
Phone 603.271.1845
Fax 603.271.1836
Pager 603.385.0155

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1845 or my assistant at 603-271-7924.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is

**DOC-000011**

CONFIDENTIAL.

---

**From:** Hansmeier, Eric <EHansmeier@opgnh.org>
**Sent:** Tuesday, June 16, 2020 1:33 PM
**To:** Robinson, Deborah <Deborah.Robinson@doc.nh.gov>
**Subject:** RE: thoughts regarding issue - attorney client communication

**EXTERNAL:** Do not open attachments or click on links unless you recognize and trust the sender.

Hi Debbie,

I did hear from William. I didn't recognize the name or number on caller ID, so I let it go to voice mail. It turned out that it was William calling again through Wanda Duryea. I heard both of them on the recording. Would it be possible to arrange a teleconference with William? He is seriously self-sabotaging, and I think it would be good if he hears from everyone at one time what the issues are, and that I am present to hear both sides so he can't keep trying to triangulate.

Eric

---

**From:** Robinson, Deborah [mailto:Deborah.Robinson@doc.nh.gov]
**Sent:** Tuesday, June 16, 2020 10:51 AM
**To:** Hansmeier, Eric <EHansmeier@opgnh.org>
**Cc:** Graves, Garrett <Garrett.Graves@doc.nh.gov>; O'Connor, Christine <Christine.O'Connor@doc.nh.gov>; Quint, Teresa <Teresa.Quint@doc.nh.gov>
**Subject:** FW: thoughts regarding issue - attorney client communication

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Eric
I wanted to let you know that we have a patient transferring to NHH on Thursday – someone who has been stable and is ready to go.

We anticipate that Mr. Soler will become upset when he realizes this person is going to NHH before him. Chris is on vacation this week and next, but of course we have covering clinicians available to speak with him as needed.

Just wanted you to be aware.
Debbie

---

**DOC-000012**

Deborah Robinson, MS, CTRS/L, FACHE
Administrator of SPU & RTU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
deborah.robinson@doc.nh.gov
Phone 603.271.1845
Fax 603.271.1836
Pager 603.385.0155

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1845 or my assistant at 603-271-7924.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

**From:** Robinson, Deborah
**Sent:** Thursday, April 16, 2020 11:39 AM
**To:** O'Connor, Christine <Christine.O'Connor@doc.nh.gov>; 'Hansmeier, Eric' <EHansmeier@opgnh.org>; Choi, David <David.Choi@doc.nh.gov>; Bal, Erik <Erik.Bal@doj.nh.gov>
**Cc:** Martin, Wendy <Wendy.Martin@doc.nh.gov>
**Subject:** thoughts regarding issue - attorney client communication

Hi all
I am adding Erik Bal to this email and noting it as privileged.

Erik is the AG's office attorney working with us at SPU, and he was present in the meeting mentioned below with Mr. Soler.

Part of the concern is that Mr. Soler was overheard by Sgt Barbaro yesterday on the phone, seemingly taking down these words from his phone caller. He has recently moved back from H to the infirmary due to initiating a hunger strike (after a couple of days he began eating and was moved to E ward) that he said was related to not having cold water for a shower. I got a call from the Disability Rights Center the next day asking about the showers. I informed them "Maintenance tells me that the water is on a line with the unit below (CCU). If they turn up the heat to the line in order to make our water warmer, it scalds those in CCU. This has been communicated to the patients on H unit and they have been told that taking a shower first thing in the morning will net them a warmer shower than if they wait until later in the day."

A few days before that, Mr. Soler used his phone time to call me and my secretary. We each
 received a  message to accept the call from an inmate, which we did not, because the proper
 process is to ask security, nursing or clinical to resolve any issues and write IRSs. A few minutes after

**DOC-000013**

the last call, his father called me, and I reiterated the process to him.

The content and quality of his communications now, increase in paranoia and possibly misguided advocacy place us in a position where we would not move him to NHH now, even if they called to tell us a bed was available for him.

Erik, I asked Chris to initiate this conversation with Mr. Soler's guardian (Eric H) and after thinking about it more, I wanted to include you as this is a slippery slope. As an administrator, I am not in the habit of recommending we halt communications with anyone who can be a supporter for patients. I even welcome media scrutiny, as I believe we are doing right by our patients. But right now I have to consider if this external relationship is helping, neutral or hurting Mr. Soler. Recent data makes me believe it is hurting him.

Will appreciate a conversation about this, and I am happy to set up a phone conference to discuss.


Thank you Debbie


_____

Deborah Robinson, MS, CTRS/L, FACHE
Administrator of SPU & RTU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
deborah.robinson@doc.nh.gov
Phone 603.271.1845
Fax 603.271.1836
Pager 603.385.0155


Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1845 or my assistant at 603-271-7924.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

---

**From:** O'Connor, Christine <Christine.O'Connor@doc.nh.gov>
**Sent:** Thursday, April 16, 2020 11:23 AM
**To:** 'Hansmeier, Eric' <EHansmeier@opgnh.org>; Choi, David <David.Choi@doc.nh.gov>

**Cc:** Robinson, Deborah <Deborah.Robinson@doc.nh.gov>
**Subject:** thoughts regarding issue

Eric,
Background information for the request slip:

There are some common names you may hear among litigious folks who are at SPU. There are three people who are vocal in the media about the fact that they support SPU being closed within the DOC/ and re-created at another location and run by DHHS.  There are multiple INDepth NH articles that were written by Nancy West and she has come to SPU to interview more than one patient. Then there is a RN who worked at SPU for one day, and she has made her mission to attend legislative sessions speaking to her version of SPU mistreatment of patients.  I don't know that nurses name.

The third person is Wanda Duyrea, she attempted to attend the guardianship hearing for Mr. Soler and  Mr. Soler kicked her out of the courtroom.
Since guardianship was granted, medicine was re initiated ,  Mr. Soler has been speaking to Wanda Duryea on a regular basis.  She has been advising Mr. Soler of his right and has been accruing documentation sent from Mr. Soler.  He makes note in this request slip, that Wanda Duryea is assisting with filing a case against the NH State Prison, on his behalf.    Wanda Duryea attended a meeting at SPU that Mr. Soler's parents, his attorney, Deb Robinson SPU administrator, and Captain Marshall and myself attended in January.   Eric Vangelder had a schedule mix up and was not in attendance.
He makes copies of all of the documents that he cites as examples of the conspiracy and sends them to Wanda Duyrea. The document (attached) is one such document he wrote last night while on the phone with Wanda Duryea.  The question that was asked of me,  was to pose the question to you,

 **whether you want us to limit his phone contact with Wanda Duryea?**

The officers have mentioned that he has been verbally rude to staff.
Mr. Soler also has an active case open with the Board of Medicine as he accuses Dr. Wendy Martin of allowing his cousin (who he says looks like Dr. Martin) to come into SPU and take her place as a psychiatrist.

Christine O'Connor, LICSW, MLADC
Senior Psychiatric Social Worker SPU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
christine.o'connor@doc.nh.gov
Phone 603.271.1803
Fax 603.271.1836

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1803.  Thank you for your cooperation and assistance

in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

DOC-000016

| | |
|---|---|
| **From:** | Hansmeier, Eric |
| **To:** | Robinson, Deborah; O"Connor, Christine; Bal, Erik |
| **Cc:** | Marshall, Scott; Barbaro, Eric |
| **Subject:** | RE: request slip |
| **Date:** | Thursday, May 7, 2020 8:33:43 AM |

**EXTERNAL:** Do not open attachments or click on links unless you recognize and trust the sender.

Hello,

There were actually two calls. First call, Wanda Duryea's name came up on my caller ID, so I was surprised when William was also on the call. The content of the call wasn't all that concerning. Mostly, Wanda introduced herself and her organization. William didn't talk much, because the time limit on the call was ending, but I also told William I was not willing to have a conversation with him in the presence of a third party. The second time he called, Aarvid Thermal came up, which is what comes up when I get a call from one of the inmates. William wanted to talk about his various grievances. He became frustrated and upset when I told him that based on what I had been told I did not necessarily agree with him that his civil rights had been violated. He kept saying on that call, "Wanda, are you getting that?" I don't know that she was actually on the call because there was no response to William. William terminated the call himself. This was a pretty typical interaction with William.

I'll wait to hear from you about further discussion and what actions might be appropriate. I share the concern that Wanda Duryea's advocacy might be holding William back, because it seems to cause him to focus on perceived grievances rather than things he can do to move forward, but I am also reluctant to restrict contact.

Eric

**From:** Robinson, Deborah <Deborah.Robinson@doc.nh.gov>
**Sent:** Thursday, May 7, 2020 8:16 AM
**To:** O'Connor, Christine <Christine.O'Connor@doc.nh.gov>; Hansmeier, Eric <EHansmeier@opgnh.org>; Bal, Erik <Erik.Bal@doj.nh.gov>
**Cc:** Marshall, Scott <Scott.Marshall@doc.nh.gov>; Barbaro, Eric <Eric.Barbaro@doc.nh.gov>
**Subject:** RE: request slip

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning all,

Chris, you are correct, three way calls involving a patient are a violation of the DOC policy on phone calls. This could result in a priv reduction for Mr. Soler if he participates in them, and could result Ms. Duryea's phone number being blocked from calling in to DOC.

DOC-000028

I remain concerned about the impact her advocacy is having on his recovery.

I'd be happy to participate in a call about this after we gather more data.

Debbie

---

Deborah Robinson, MS, CTRS/L, FACHE
Administrator of SPU & RTU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
deborah.robinson@doc.nh.gov
Phone 603.271.1845
Fax 603.271.1836
Pager 603.385.0155

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1845 or my assistant at 603-271-7924.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

---

**From:** O'Connor, Christine <Christine.O'Connor@doc.nh.gov>
**Sent:** Thursday, May 07, 2020 7:54 AM
**To:** 'Hansmeier, Eric' <EHansmeier@opgnh.org>; Bal, Erik <Erik.Bal@doj.nh.gov>
**Cc:** Robinson, Deborah <Deborah.Robinson@doc.nh.gov>; Marshall, Scott <Scott.Marshall@doc.nh.gov>; Barbaro, Eric <Eric.Barbaro@doc.nh.gov>
**Subject:** RE: request slip

Eric,
We have asked to have the phone calls pulled so that we can hear the content of the calls.  We hesitate to request a phone restriction.  How was the content of the call that Wanda orchestrated between you and William?  Was there anything that was concerning for you?

I have sent this email to  the attorney from the AG's office that works with SPU, our administrator at SPU, the Captain at SPU and the first shift Sargent, as they were involved in the discussion about pulling phone records.

**DOC-000029**

As an aside….Captain Marshall, I did not think that conference-type, three-way- calls were permitted from resident phone lines.

Thank you.

Christine O'Connor, LICSW, MLADC
Senior Psychiatric Social Worker SPU
Department of Corrections
PO Box 2828
Concord NH 03302-2828
christine.o'connor@doc.nh.gov
Phone 603.271.1803
Fax 603.271.1836

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1803.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

**From:** Hansmeier, Eric <EHansmeier@opgnh.org>
**Sent:** Wednesday, May 6, 2020 9:09 AM
**To:** O'Connor, Christine <Christine.O'Connor@doc.nh.gov>
**Subject:** RE: request slip

**EXTERNAL:** Do not open attachments or click on links unless you recognize and trust the sender.

Thanks. I did speak with her briefly yesterday. She somehow engineered a joint call from herself and William. Anything further on limiting contact with Ms. Duryea?

**From:** O'Connor, Christine <Christine.O'Connor@doc.nh.gov>
**Sent:** Tuesday, May 5, 2020 5:13 PM
**To:** Hansmeier, Eric <EHansmeier@opgnh.org>
**Subject:** request slip

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

He wants you to speak to Wanda Duryea.
The patient advocate.

Christine O'Connor, LICSW, MLADC
Senior Psychiatric Social Worker SPU
Department of Corrections

**DOC-000030**

PO Box 2828
Concord NH 03302-2828
christine.o'connor@doc.nh.gov
Phone 603.271.1803
Fax 603.271.1836

Confidentiality Notice:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use , disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message or call 603-271-1803.  Thank you for your cooperation and assistance in maintaining confidentiality and professionalism. This e-mail (including any attachment) is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et seq. and is CONFIDENTIAL.

DOC-000031

| | DEFENDANTS' SUPPLEMENTAL PRIVILEGE LOG | | | | | | | | |
| | William Soler Justice v. Aaron Belanger *et al.* | | | | | | | | |
| | Case No. 23-cv-00308-SE-AJ | | | | | | | | |
| Bates Start | Bates End | Date Sent / Created | Author/From | Recipient/To | Copied | Doc Title / Subject Line | Attachments | Applicable Disclosure Exemptions | Description |
|---|---|---|---|---|---|---|---|---|---|
| DOC-000003 | DOC- 000003 | 4/28/2020 | Aaron Belanger | Rodney Roy | N/A | SPU/RTU spring package | N/A | Personally identifiable information (PII) concerning unrelated third-parties that is irrelevant | Names of other patients housed at the Secure Psychiatric Unit and Residential Treatment Unit |
| DOC-000008 | DOC-000008 | 2/15/2018 | Aaron Belanger | Christine O'Connor | N/A | REDACTED | N/A | Protected health information (PHI) and PII concerning unrelated third-party that is irrelevant | Email correspondence regarding a patient within the Secure Psychiatric Unit |
| ~~DOC-000013~~ | ~~DOC-000014~~ | ~~4/16/2020~~ | ~~Deborah Robinson~~ | ~~Christine O'Connor, Eric Hansmeier, David Choi, and Erik Bal~~ | ~~Wendy Martin~~ | ~~thoughts regarding issue - attorney-client communication~~ | ~~N/A~~ | ~~Attorney-client privilege~~ | ~~Email correspondence seeking legal advice from attorney~~ |
| DOC-000018 | DOC-000018 | 6/24/2020 | Deborah Robinson | Eric Barbaro | N/A | REDACTED | N/A | PII concerning unrelated third-party that is irrelevant | Names of other patients housed at the Secure Psychiatric Unit |
| DOC-000018 | DOC-000018 | 6/24/2020 | Deborah Robinson | Sherri Phillips and Stephen Fauteux | Ann Marie McCoole, Nancy Clayman, Garrett Graves, and Wendy Martin | REDACTED | N/A | PHI and PII concerning unrelated third-parties that is irrelevant | Email correspondence containing PHI belonging to a patient housed at the Secure Psychiatric Unit |
| ~~DOC-000028~~ | ~~DOC-000030~~ | ~~5/7/2020~~ | ~~Christine O'Connor~~ | ~~Deborah Robinson, Eric Hansmeier, and Erik Bal~~ | ~~Scott Marshall and Eric Barbaro~~ | ~~REDACTED~~ | ~~N/A~~ | ~~Attorney-client privilege~~ | ~~Email correspondence seeking legal advice from attorney~~ |
| DOC-000032 | DOC-000032 | 4/30/2020 | Christine O'Connor | Scott Marshall, Deborah Robinson, Eric Barbaro, and Erik Bal | N/A | following up about puling phone records | N/A | Attorney-client privilege | Email correspondence seeking legal advice from attorney |
| DOC-000033 | DOC-000033 | 6/26/2018 | Eric Barbaro | Helen Hanks | N/A | Use of Force Report | image002.png, image003.png | PII concerning unrelated third-party that is irrelevant | Email correspondence contining the name of another patient housed at the Secure Psychiatic Unit |
| DOC-000047 | DOC-000047 | 7/9/2018 | Benjamyn Carver | N/A | N/A | Incident Report | N/A | PII concerning unrelated third-party that is irrelevant | Name of another patient housed at Secure Psychiatric Unit |
| DOC-000051 | DOC-000053 | 4/20/2020 | Stephanie Bradley | Wendy Martin, Pamela Miller, Diane Whaley, Ann Marie McCoole, Deborah Robinson, Scott Towers, and Eric Barbaro | Daniel Potenza | For the week of April 23-27 | N/A | PHI and PII concerning unrelated third-parties that is irrelevant | Word document detailing PHI and PII concerning other patients housed at the Secure Psychiatric Unit |
| DOC-000074 | DOC-000074 | 7/9/2018 | Benjamyn Carver | N/A | N/A | Incident Report | N/A | PII concerning unrelated third-party that is irrelevant | Name of another patient housed at Secure Psychiatric Unit |
| DOC-000078 | DOC-000078 | 10/2/2018 | Garrett Graves | Eric Barbaro, Scott Marshall, Benjamyn Carver, Andrew Murray, Christopher Bernsten, Dainel Shapiro, Deborah Robinson, Mary Sawich, Gerald Williams, Ann Marie McCoole, and Wendy Giroux | N/A | Status changes | N/A | PII concerning unrelated third-party that is irrelevant | Name of another patient housed at Secure Psychiatric Unit |
| DOC-000079 | DOC-000079 | 3/7/2019 | Christine O'Connor | Benjamyn Carver and Deborah Robinson | Scott Marshall and Eric Barbaro | replace tablet | N/A | PII concerning unrelated third-party that is irrelevant | Name of another patient housed at Secure Psychiatric Unit |
| DOC-000085 | DOC-000085 | 4/9/2020 | Wendy Martin | Nancy Clayman | Christine O'Connor, Brittany Wallace, Teresa Quint, and Ann Marie McCoole | Soler needs to be seen | N/A | PII concerning unrelated third-party that is irrelevant | Name of another patient housed at Secure Psychiatric Unit |
| DOC-000092 | DOC-000092 | 4/13/2020 | Christine O'Connor | Nancy Clayman, Sherri Phillips, Deborah Robinson, David Choi, Wendy Martin, and Ann Marie McCoole | Eric Barbaro, Jenny Stillman, Ester Matillano, and Denise Downing | WS | N/A | PII concerning unrelated third-party that is irrelevant | Name of another patient housed at Secure Psychiatric Unit |