**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| WILLIAM SOLER JUSTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.: 23-cv-00308-SE-AJ |
| | ) |
| AARON BELANGER, | ) |
| – and – | ) |
| ERIC BARBARO, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO "MOTION FOR IN CAMERA REVIEW OF REDACTED DOCUMENTS AND MOTION TO EXTEND CASE MANAGEMENT DEADLINES"**

Plaintiff William Soler Justice, proceeding pro se, respectfully submits this Reply to Defendants' Objection (Doc. No. 25) to Plaintiff's Motion for In Camera Review of Redacted Documents and Motion to Extend Case Management Deadlines. In support thereof, Plaintiff states as follows:

**I. DEFENDANTS MISCHARACTERIZE THE PROCEDURAL RECORD REGARDING DEADLINES**

The defendants' objection repeatedly asserts that Plaintiff failed to meet case deadlines or acted improperly in seeking an extension. The formal docket entries show otherwise.

**A. Defendants Required Extensions for the Original Summary Judgment Deadline**

The Court's original Discovery Plan Order (Doc. No. 15) explicitly mandated that all Motions for Summary Judgment were due by June 22, 2026. The defendants failed to meet this deadline. Instead, they filed a Partially Assented-to Motion to Extend Discovery Plan Deadlines (Doc. No. 19). While defendants accuse Plaintiff of trying to "drag out this litigation", their own summary judgment motion was not filed until July 22, 2026 (Doc. No. 23)—a full month after the court's original target date. Defendants cannot credibly claim prejudice or weaponize scheduling

timelines against a pro se litigant when they themselves required scheduling modifications to maintain their defense.

---

**B. Plaintiff Faces Immediate Severe Prejudice While Essential Discovery Remains Actively Withheld**

Compounding these structural scheduling discrepancies, Plaintiff was formally served with the Defendants' Motion for Summary Judgment (Doc. No. 23) on July 22, 2026. Under the local rules, Plaintiff is now operating under a strict, expiring window to draft and file a comprehensive legal opposition to that dispositive motion. It is procedurally unjust to force an unrepresented litigant to formulate a definitive summary judgment response while still completely lacking the core operational, administrative, and unredacted institutional discovery records required to demonstrate material disputes of fact. Granting the requested 60-day extension is necessary to prevent severe procedural prejudice and ensure Plaintiff has an adequate record to defend his claims.

**II. PLAINTIFF'S EXPERT DISCLOSURE DELAYS WERE DIRECTLY CAUSED BY THE COURT'S TIMING**

Defendants argue that Plaintiff failed to properly disclose an expert witness by the January 14, 2026 deadline. This argument completely ignores the active filing history detailed on the face of the docket.

**A. Plaintiff Filed for Expert Authorization and Funding Before the Deadline**

Plaintiff actively sought to secure his expert by filing an *Ex Parte* Motion for Authorization for Expert Witness on January 6, 2026 (Doc. No. 16), followed by an *Ex Parte* Motion for Appropriate Funds for Expert Witness on January 23, 2026 (Doc. No. 17). Defendants' counsel

explicitly admits knowledge of these entries, stating: *"it appears that Mr. Justice filed two documents with this Court at some point between January 7, 2026 and January 23, 2026 that relate to his expert witness."* (Doc. No. 25 at 9).

**B. The Court Did Not Rule on the Expert Funding Status Until Months Later**

An indigent pro se litigant cannot formally retain or finalize an expert report without the authorization of court funds. Although the disclosure date was set for mid-January, the Court did not formally resolve the administrative status of Plaintiff's funding motion until June 1, 2026, noting that Doc. No. 17 was an *ex parte* motion and was properly sealed. Because the threshold question of expert funding sat unresolved for five months, Plaintiff could not structurally complete expert disclosures. This systemic scheduling gap constitutes classic "good cause" and "excusable neglect" under the governing *Rivera-Almodóvar* framework.

---

**C. Plaintiff Maintained Absolute Diligence by Immediately Disclosing the Expert Report**

Despite the severe structural delays caused by the unresolved funding motion, Plaintiff acted with total diligence the moment the hurdle was cleared. Immediately upon receiving the completed formal report from his expert witness, Plaintiff directly served the entire expert report upon defense counsel on July 16, 2026. To ensure absolute transparency and provide the Court with a complete record of this disclosure, a true and accurate copy of this formal expert evaluation is attached hereto as **Exhibit A**. Defendants cannot claim they are blind to Plaintiff's expert evidence when they have been in active possession of the report for weeks, and the report is now part of the active judicial record.

**III. DEFENDANTS ADMIT THEY CANNOT ACCESS THE FILINGS THEY ARE ARGUING AGAINST**

In a direct logical contradiction, the defendants' underlying objection explicitly states: *"The undersigned counsel cannot access Doc. No. 16... Furthermore, while the docket entry text for Doc. No. 17... was not sealed, the actual document filed as Doc. No. 17 was sealed. Thus, the undersigned counsel cannot view Doc. No. 17 as well."* (Doc. No. 25 at 9).

Defendants are asking this Court to deny Plaintiff's motions on the grounds that his expert preparation was insufficient, while simultaneously admitting that they have never read the underlying motions or supporting attachments filed as Doc. Nos. 16 and 17. Counsel cannot legally or factually evaluate the sufficiency of documents he admits he is blocked from viewing. This admission alone defeats the factual foundations of their scheduling objection.

## IV. PLAINTIFF HAS DEMONSTRATED UTMOST DILIGENCE IN PROCESSING EXPANSIVE EXTRA-JUDICIAL RECORDS

Defendants assert that Plaintiff's reference to non-party Department of Corrections (DOC) records is generic and fails to explain their relevance or timing (Doc. No. 25 at 8). Defendants' factual claims are entirely outdated and completely mooted by Plaintiff's rapid procedural actions.

### A. The Transit Defect Regarding the Damaged CD Has Already Been Fully Cured

While it is true that the initial compact disc (CD) containing approximately 3,000 pages of vital institutional records arrived physically shattered and unreadable due to postal transit damage, Plaintiff did not let the matter rest. Plaintiff immediately secured an expedited replacement copy from the Department of Corrections. Demonstrating complete transparency and litigation diligence, Plaintiff has already thoroughly processed these records, applied sequential Bates-stamped numbers, and formally served a complete copy directly upon defendants' counsel.

**B. Active Processing of Newly Received DOC Administration Documents is Underway**

Furthermore, Plaintiff's collection efforts are ongoing and directly target highly relevant operational data. On July 22, 2026, Plaintiff received a separate, secondary set of material administrative documents directly from the Department of Corrections. Plaintiff is currently actively working to apply Bates-stamped control tracking numbers to this brand-new administrative production and will immediately serve it upon defense counsel upon completion. To suggest that Plaintiff is seeking to prolong this matter is factually untrue. Plaintiff is moving as fast as humanly possible to organize, clean, Bates-stamp, and exchange thousands of pages of records that are central to proving his claims. A 60-day extension is vital to allow both parties to fully incorporate this massive influx of concrete institutional evidence into the record.

**V. PLAINTIFF'S REQUEST FOR IN CAMERA REVIEW IS HIGHLY PROPER AND NECESSARY**

Defendants argue that an *in camera* review is improper because their redactions to documents DOC-000008, DOC-000018, and DOC-000019 are limited to third-party privacy protections (PHI/PII). Plaintiff has clearly stated he does not seek the disclosure of confidential third-party medical data.

However, a visual inspection of the actual production layout reveals that Defendants did not merely blank out identity labels; they suppressed sweeping blocks of substantive text and institutional communications central to this litigation.

Specifically:

- **DOC-000008:** This email from February 16, 2018, contains introductory text thanking Officer Belanger for his help, but is immediately followed by a massive, sweeping block

of thick black redaction covering multiple consecutive sentences and lines of text near the

bottom.

- **DOC-000018:** This email from June 24, 2020, discussing housing arrangements due to

an injury, contains erratic black redactions that wipe out whole subject lines and initial

words within key logistical sentences, obscuring tracking context.

- **DOC-000019:** This email from June 24, 2020, sent by Nurse Phillips, is completely

obscured from top to bottom by multiple massive black redaction banners. It suppresses

every single line of substantive narrative text, leaving nothing visible except the sender's

standard email closing and signature block.

---

Defendants' objection states: *"Even if this Court were to conduct an in camera review, there is

nothing behind these redactions that would generate a genuine issue of material fact..."* (Doc.

No. 25 at 7). This statement embodies the precise danger of over-redaction. Defendants are

demanding that the Court blindly accept their unilateral, self-serving characterization of

suppressed documents. Given that these specific pages contain highly material details regarding

housing decisions, safety monitoring, and mental health facility tracking, an independent *in

camera* validation by the Magistrate Judge is the only balanced mechanism to ensure crucial

evidence is not being improperly masked under the broad label of privacy.

**VI. CONCLUSION**

For the reasons set forth above, Plaintiff William Soler Justice respectfully requests that this Honorable Court **OVERRULE** Defendants' Objection (Doc. No. 25), **GRANT** Plaintiff's Motion in its entirety, and sign the Proposed Order.

Respectfully submitted,

WILLIAM SOLER JUSTICE

Plaintiff, Pro Se

51 Storrs Street #310

Concord, NH 03301

(603) 931-6357

gentlegiant03301@yahoo.com

Dated: July 25, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2026, a true and accurate copy of the foregoing Reply was electronically served upon Assistant Attorney General Duncan A. Edgar, counsel for the Defendants, through the court's CM/ECF system.

/s/ William Soler Justice

William Soler Justice

---