**MOTION TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**PENDING RESOLUTION OF OUTSTANDING DISCOVERY DISPUTES**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| WILLIAM SOLER JUSTICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 23-cv-00308-SE-AJ |
| | ) | |
| AARON BELANGER, | ) | |
| – and – | ) | |
| ERIC BARBARO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION TO STAY RESPONSE DEADLINES PENDING RESOLUTION**

**OF OUTSTANDING DISCOVERY DISPUTES**

Plaintiff William Soler Justice, proceeding pro se, respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 56(d) and Local Rule 7.1 to stay his deadline to respond to Defendants' Motion for Summary Judgment (Doc. No. 23). Plaintiff requests that the response clock be frozen until 30 days after the Court rules on his pending Motion for In Camera Review and Motion to Extend Case Management Deadlines. In support thereof, Plaintiff states as follows:

## I. RELEVANT PROCEDURAL BACKGROUND

1. The Court's operational schedule initially directed the close of discovery for mid-2026.

2. On June 30, 2026, the final day of the extended discovery period, Defendants served an initial production containing crucial internal records that were heavily obscured by expansive, multi-sentence black redaction blocks.

3. On July 16, 2026, Plaintiff filed a Motion for In Camera Review of Redacted Documents and a Motion to Extend Case Management Deadlines to allow the Magistrate Judge to independently review the contested pages (DOC-000008, DOC-000018, and DOC-000019) and verify whether material evidentiary text is being suppressed.

4. On July 22, 2026, while the discovery dispute remained active and unresolved, Defendants filed and served a comprehensive Motion for Summary Judgment (Doc. No. 23).

5. On July 23, 2026, Defendants filed a formal Objection (Doc. No. 25) to Plaintiff's discovery motions, cementing a clear impasse that requires judicial intervention.

6. Under Local Rule 7.1(e), Plaintiff's response to Defendants' Motion for Summary Judgment is currently due 30 days from service, establishing an active deadline of August 21, 2026.

## II. LAW AND ARGUMENT

### A. Federal Rule 56(d) Mandates a Stay When Core Facts Are Unavailable to the Nonmovant

Federal Rule of Civil Procedure 56(d) provides an essential procedural safeguard for litigants faced with a premature dispositive motion. The rule explicitly states that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion, deny it, or allow additional time to obtain affidavits or take discovery.

The First Circuit has consistently held that a Rule 56(d) stay is highly appropriate where a party has moving discovery requests pending that directly target facts essential to framing a summary judgment opposition. A litigant should not be forced to guess at the contents of hidden records while defending against a case-ending motion.

### B. Essential Facts Remain Suppressed Within Defendants' Active Over-Redactions

Plaintiff cannot safely or fully articulate his summary judgment opposition because Defendants are actively blocking critical evidence. Specifically:

- **The Redacted Production Entries:** Documents DOC-000008, DOC-000018, and DOC-000019 contain direct institutional tracking logs, housing assessments, and secure communications concerning the exact operational and behavioral events at the center of this civil rights action. Defendants' redactions go far beyond identity labels and cover whole paragraphs of narrative content. Plaintiff cannot cite these records to demonstrate genuine disputes of material fact while they remain hidden under thick black ink.

- **The Massive Influx of Extra-Judicial DOC Records:** Plaintiff received approximately 3,000 pages of vital historical facility records from the Department of Corrections to

replace a disk fractured in the mail. While Plaintiff has already successfully organized, Bates-stamped, and served a copy of this set onto defense counsel, he received a *second* set of complex administrative files from the DOC on July 22, 2026. Plaintiff is currently working diligently to process and stamp this second collection.

**C. Forcing a Response Pre-Resolution Inflicts Severe, Irreparable Procedural Prejudice**

Allowing the summary judgment response clock to run down to August 21, 2026, while the scope of discovery remains actively contested would inflict a structural disadvantage on an unrepresented litigant. Plaintiff would be forced to construct a legal defense with an incomplete record, only to potentially have the Court grant his *in camera* motion weeks later, which would render the entire summary judgment briefing obsolete and require redundant refilings.

A brief stay of the response timeline serves judicial economy. It ensures that when summary judgment is finally briefed, both parties will be operating with a settled, fully disclosed, and legally verified evidentiary record.

---

**III. CONCLUSION**

For the reasons set forth above, Plaintiff William Soler Justice respectfully requests that this Honorable Court **GRANT** this Motion, **STAY** the deadline to respond to Defendants' Motion for Summary Judgment (Doc. No. 23), and order that Plaintiff's opposition brief shall be due no later than thirty (30) days following the Court's formal order resolving the pending discovery disputes.

Respectfully submitted,

WILLIAM SOLER JUSTICE

Plaintiff, Pro Se

51 Storrs Street #310

Concord, NH 03301

(603) 931-6357

gentlegiant03301@yahoo.com

Dated: July 25, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2026, a true and accurate copy of the foregoing

Motion to Stay Response Deadlines was electronically served upon Assistant Attorney General

Duncan A. Edgar, counsel for the Defendants, through the court's CM/ECF system.

/s/ William Soler Justice

William Soler Justice

---

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

```
WILLIAM SOLER JUSTICE,              )
                                    )
          Plaintiff,                )
                                    )
v.                                  )   Case No.: 23-cv-00308-SE-AJ
                                    )
AARON BELANGER,                     )
– and –                             )
ERIC BARBARO,                       )
                                    )
          Defendants.               )
_____)
```

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STAY RESPONSE DEADLINES**

Upon consideration of Plaintiff's Motion to Stay Response Deadlines Pending Resolution of Outstanding Discovery Disputes, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Stay is **GRANTED**.

2.  The deadline for Plaintiff to file his response to Defendants' Motion for Summary Judgment (Doc. No. 23) is hereby **STAYED**.

3.  Plaintiff shall file his Opposition to Defendants' Motion for Summary Judgment within **thirty (30) days** of this Court's entry of a final order resolving Plaintiff's pending Motion for In Camera Review of Redacted Documents.

**SO ORDERED.**

Dated: _____, 2026 _____

United States Magistrate Judge