# EXHIBIT E

| | |
|---|---|
| **From:** | Wanda Duryea |
| **To:** | Edgar, Duncan; bILL jUSTICE; Wanda |
| **Subject:** | Missing Information / Improper redaction |
| **Date:** | Wednesday, July 1, 2026 1:16:57 AM |

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

July 1, 2026

Duncan A. Edgar, Esq.
Assistant Attorney General
New Hampshire Department of Justice
Civil Bureau
1 Granite Place South
Concord, NH 03301
Email: duncan.a.edgar@doj.nh.gov

**RE:** *William Soler v. New Hampshire Department of Corrections, et al.*
**Docket No.: 1:23-cv-00308-SE-AJ**
**Subject: Plaintiff's Amended Deficiency Notice Regarding Discovery Production and Redactions**

Dear Assistant Attorney General Edgar,

I am writing to relay notice regarding the severe deficiencies in the New Hampshire Department of Corrections' (NH DOC) recent discovery productions. Plaintiff has identified improper applications of the attorney-client privilege to non-lawyer administrative staff, as well as facial inconsistencies regarding over-redacted materials.

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1, please accept this letter as an ongoing effort to meet and confer in good faith before Plaintiff seeks judicial intervention from the Court.

# 1. Improper Attorney-Client Privilege Redactions

The NH DOC has continued a pattern of applying attorney-client privilege redactions to communications that entirely waives and defeats any claim of attorney-client privilege, because of explicit third-party disclosure. Plaintiff objects to the assertions of privilege on the following documents:

- **DOC 000008:** This document is an internal email communication sent from Aaron Belanger (an NH DOC corrections employee) to Christine O'Connor (an NH DOC Social Worker). Neither individual is an attorney, and neither was seeking or conveying legal advice from counsel. This is an ordinary, operational staff communication

regarding administrative or clinical matters. It is entirely outside the scope of attorney-client privilege.

- **DOC 000013, 14, 28, 29, and 30:** As previously stated, these are email communications exchanged directly between a third-party Guardian and NH DOC staff, or vice versa. The explicit third-party disclosure entirely waives and defeats any claim of attorney-client privilege.

## 2. Facial Invalidity and Over-Redaction of DOC 000018 and DOC 000019

The redactions applied to **DOC 000018 and DOC 000019** are so sweeping and pervasive that Plaintiff is entirely precluded from determining the validity or context of the underlying communication.

If the NH DOC's position is that these pages were redacted because they contain sensitive information regarding other, non-party SPU patients, this rationale raises a direct contradiction: if the documents pertained exclusively to unrelated third parties, they would have been withheld as non-responsive. By virtue of producing them in discovery for *this* litigation, the State has acknowledged that these documents contain information relevant to Mr. Soler's claims.

The State cannot satisfy its discovery obligations by producing completely blacked-out pages that mask relevant evidence under a blanket assertion of privilege. If third-party patient names are present, they should be narrowly redacted, leaving the substantive text concerning this case visible.

## 3. Missing and Unproduced Documents

Plaintiff reiterates the demand for the immediate production of the following vital electronic and incident logs referenced in your disclosures but entirely omitted from the physical production:

1. `6-25.XLS` (Electronic spreadsheet)
2. `Use of Force Resident Soler, William.XLS` (Electronic tracking data sheet)
3. `Soler Incident.PDF` (Comprehensive use-of-force incident report)

## Requested Action

To avoid a formal Motion to Compel and a request for an *in camera* review by Magistrate Judge Johnstone, Plaintiff demands that the State provide the following within **ten (10) business days**:

1. **Unredacted Reproductions:** Provide clean, unredacted copies of **DOC 000008, 13, 14, 28, 29, and 30.**
2. **Targeted Disclosures for DOC 18 & 19:** Provide a narrowly tailored reproduction of **DOC 000018 and 19** that uncovers all substantive text relevant to this matter, limiting redactions strictly to individual third-party patient names.
3. **Disclose Missing Files:** Provide the native digital files for `6-25.XLS`, `Use of Force Resident Soler, William.XLS`, and the unredacted text of `Soler`

`Incident.PDF` .

Please let me know your availability for a brief telephonic meet-and-confer this week to resolve these matters efficiently.

Sincerely,

[Wanda Duryea Guardian,] 603-923-2793
[William Justice Plaintiff Pro Se] 603-931-6357