**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

---

| | |
|---|---|
| **WILLIAM SOLER JUSTICE, *Plaintiff*, v. AARON BELANGER and ERIC BARBARO, *Defendants*.** | **Civil Action No. 23-cv-00308-SE-AJ** |

---

**PLAINTIFF'S EXHIBIT E**

**Disability Rights Center-NH v. Hanks**

Civil No. 1:18-cv-00160-LM

United States District Court, District of New Hampshire

Judge Landya B. McCafferty

(1) **Preliminary Injunction** — April 19, 2018 (Doc. 13, 2018 WL 2220859)

(2) **Permanent Injunction** — August 29, 2018 (Doc. 20)

*Re: Death of Patient Phillip Borcuk, Age 34*

*Residential Treatment Unit (RTU), New Hampshire State Prison for Men*

*December 6, 2017 — Autopsy Finding: Excited Delirium*

(Public Court Records — Reproduced in Relevant Part)

*Authentication: See Declaration of Wanda Duryea, paragraph 22.*

---

**NOTE ON RELEVANCE TO INSTANT CASE**

*The Residential Treatment Unit (RTU) referenced in DRC-NH v. Hanks and the Secure Psychiatric Unit (SPU) are both located within the New Hampshire State Prison for Men, Concord, New*

Both units house individuals with serious mental illness within a correctional facility.

*Phillip Borcuk at the RTU on December 6, 2017, and the federal court orders that followed, placed Defendants Aaron Belanger and Eric Barbaro — corrections officers assigned to the SPU — on direct institutional notice that the use of physical force against civilly committed psychiatric patients at the New Hampshire State Prison for Men had resulted in death and had generated federal court oversight. The April 9, 2020 transfer of William Soler Justice occurred approximately 28 months after Borcuk's death and approximately 23 months after the Permanent Injunction entered in this case.*

---

## PART I

## BACKGROUND — DEATH OF PHILLIP BORCUK

### Residential Treatment Unit, New Hampshire State Prison for Men

### December 6, 2017

Phillip Borcuk, age 34, was an inmate with mental illness housed in the Residential Treatment Unit (RTU) of the New Hampshire State Prison for Men in Concord, New Hampshire.

Mr. Borcuk died in his cell at the RTU on December 6, 2017, as a result of alleged self-injurious behavior. His autopsy listed excited delirium as the cause of death.

Excited delirium — also referred to as excited delirium syndrome — is a medical emergency associated with a severe state of agitation, elevated body temperature, and physical restraint or force. It has been identified in litigation and medical literature as a risk arising from the application of physical restraint to individuals in acute psychiatric crisis. The autopsy finding of excited

delirium in Mr. Borcuk's case placed the New Hampshire Department of Corrections on formal notice that its methods of managing psychiatric patients at the State Prison facilities created life-threatening risk.

Pursuant to its federally mandated duties as a Protection and Advocacy (P&A) organization under the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act), 42 U.S.C. § 10801 *et seq.*, Plaintiff Disability Rights Center-New Hampshire (DRC-NH) commenced an investigation into Mr. Borcuk's death. Prison authorities failed to timely respond to DRC-NH's repeated, reasonable record requests. DRC-NH filed suit on February 20, 2018, seeking to compel access to records necessary to complete its investigation.

## PART II

## PRELIMINARY INJUNCTION

**Disability Rights Center-NH v. Hanks**

**Civil No. 1:18-cv-00160-LM**

**United States District Court, District of New Hampshire**

**Document 13 — Filed April 19, 2018**

**2018 WL 2220859**

**Judge Landya B. McCafferty**

---

**EXCERPTS REPRODUCED IN RELEVANT PART**

---

The Court's April 19, 2018 Order (Doc. 13) states in relevant part:

"This litigation arises from an incident at the New Hampshire State Prison for Men, where 'P.B.,' an inmate with mental illness, died in his cell as a result of alleged 'self-injurious behavior.' Pursuant to its federally mandated duties as a Protection and Advocacy ('P & A') organization, plaintiff Disability Rights Center–NH ('DRC') started an investigation into the matter, but it claims that prison authorities failed to timely respond to its record requests."

"[T]he evidence shows — and defendants do not challenge — that defendants unjustifiably failed to respond to DRC's repeated, reasonable requests prior to this litigation. Although defendants now make assurances that this matter will be prioritized, defendants acknowledge that they still have not fulfilled some of DRC's requests from late March. In the face of these continued delays, the court is persuaded that DRC will continue to suffer irreparable harm in the absence of injunctive relief."

"Accordingly, the court grants DRC's motion for a preliminary injunction, and orders the following relief:

1. For presently pending record requests:
    1. Defendants shall produce all requested records within 2 business days from the issuance of the court's oral ruling at the end of yesterday's hearing;
    2. Except that, if defendants cannot obtain and produce any such records within that period:
        1. Defendants shall provide written notice to DRC within 2 business days from the issuance of the oral ruling, in which they identify the records and explain why such records cannot be produced; and
        2. Defendants shall produce all such records within 10 business days from the issuance of the oral ruling.

2. For future record requests, whether pertaining to the investigation of P.B. or otherwise, defendants shall respond to each request within 3 business days of receipt."

*Cite: Disability Rights Center-NH v. Hanks*, No. 1:18-cv-00160-LM (D.N.H. Apr. 19, 2018) (Doc. 13), 2018 WL 2220859.

**PART III**

**PERMANENT INJUNCTION / JUDGMENT**

**Disability Rights Center-NH v. Hanks**

**Civil No. 1:18-cv-00160-LM**

**United States District Court, District of New Hampshire**

**Document 20 — Filed August 29, 2018**

**Judge Landya B. McCafferty / Clerk Daniel J. Lynch**

---

**CASE HISTORY AND RESOLUTION**

---

Following the entry of the Preliminary Injunction on April 19, 2018, the case proceeded through discovery. On August 14, 2018, counsel for Plaintiff DRC-NH advised the Court that the case had settled. On August 28, 2018, the parties filed an Assented-to Motion to Dismiss (Doc. 18), accompanied by a Proposed Order to Dismiss and Retain Jurisdiction. On August 29, 2018, the Court entered Judgment (Doc. 20) in accordance with the parties' agreement, closing the case.

**SIGNIFICANCE**

The August 29, 2018 Judgment constitutes a final federal court resolution of litigation arising from the death of an inmate with mental illness housed at the New Hampshire State Prison for Men.

conclusion of federal judicial oversight of the DOC's obligations to provide P&A organizations timely access to records concerning the treatment and death of psychiatric patients housed within the State Prison.

The resolution of *DRC-NH v. Hanks* in August 2018 placed every New Hampshire Department of Corrections official — including corrections officers assigned to SPU — on formal notice that:

3. The death of an inmate with mental illness at the New Hampshire State Prison for Men had generated federal litigation and court-ordered relief;

4. A federal court had found that the DOC unjustifiably delayed the disclosure of records related to a patient death — conduct the court characterized as causing irreparable harm to a federally mandated P&A investigative organization;

5. Federal litigation concerning the DOC's response to the death of an inmate with mental illness was part of the institution's history before the April 9, 2020 events giving rise to the instant case.

*Cite: Disability Rights Center-NH v. Hanks*, No. 1:18-cv-00160-LM (D.N.H. Aug. 29, 2018) (Doc. 20) (Judgment).

## PART IV

## RELEVANCE TO JUSTICE V. BELANGER,NO. 23-CV-00308-SE-AJ

The death of Phillip Borcuk on December 6, 2017, the DRC-NH investigation, and the federal court orders of April and August 2018 are relevant to the instant case for the following reasons:

6. **INSTITUTIONAL NOTICE:** By April 9, 2020 — the date of William Soler Justice's transfer from H Ward to E Ward — the New Hampshire Department of Corrections had

The treatment and management of individuals with serious mental illness at the New Hampshire State Prison for Men had already been the subject of federal litigation and court-ordered relief.

7. **SAME FACILITY:** The RTU (site of Borcuk's death) and the SPU (site of William's confinement) are both located within the same physical facility — the New Hampshire State Prison for Men in Concord, New Hampshire — and are both administered by the same DOC command structure.
8. **EXCITED DELIRIUM:** The autopsy finding of excited delirium in Borcuk's case is relevant to the medical significance of the April 9, 2020 transfer of William Soler Justice — a 388-pound, 6'7" man with Type 2 diabetes, morbid obesity, and Schizophrenia paranoid type — to E Ward isolation. The physiological risks of acute psychiatric agitation combined with physical restraint in a patient of William's size and medical profile were known to the institutional community as of December 2017.
9. **DELIBERATE INDIFFERENCE:** Defendants' failure to follow established clinical protocols before transferring William to maximum-restriction isolation occurred against the backdrop of a known institutional history of patient death, federal investigation, and court-ordered reform. This history is probative of deliberate indifference to a known constitutional risk.
10. **RECORDS SUPPRESSION PATTERN:** The DOC's documented pattern of delaying or withholding records from P&A investigators — which the Court in *DRC-NH v. Hanks* found unjustified and irreparably harmful — is consistent with the records suppression and privilege manufacturing documented in the instant case, including the withholding of audio recordings (Exhibit I), the non-return of personal property (Exhibit J), and the manufactured privilege claims over the phone surveillance emails (Exhibit O).

---

*Authentication: See Declaration of Wanda Duryea, paragraph 22.*

**Sources:** Public court docket, *Disability Rights Center-NH v. Hanks*, No. 1:18-cv-00160-LM (D.N.H.); Civil Rights Litigation Clearinghouse; CourtListener; 2018 WL 2220859 (D.N.H. Apr. 19, 2018).

---