| | |
|---|---|
| **UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE WILLIAM SOLER JUSTICE, *Plaintiff,* v. AARON BELANGER and ERIC BARBARO, *Defendants.*** | **Civil Action No. 23-cv-00308-SE-AJ U.S. District Court District of New Hampshire** |

---

# PLAINTIFF'S EXHIBIT J

**Secure Psychiatric Unit Resident Request Slip**

**(Form Designation: SPU6 REV. 9/91)**

*Bates No.: 04-23-2020_IMRQ_213784642507_SOLER*

*Dated: April 23, 2020 | Resident: William Soler Justice | Directed To: CO Aaron Belanger*

*Re: Request for Return of Personal Journal ("black & white composition notebook")*

**Authentication:** See Preliminary Statement § J; Declaration of Wanda Duryea ¶ 12

---

## PART I — DOCUMENT OVERVIEW

This exhibit consists of a **Secure Psychiatric Unit Resident Request Slip** (form designation **SPU6 REV. 9/91**), dated **April 23, 2020** (Thursday), completed by Plaintiff **William Soler Justice** while confined on **F Ward, Room 17** — having been transferred from H Ward to E Ward on or about April 9, 2020, and subsequently moved to F Ward prior to April 23, 2020. The document is directed to **Defendant Aaron Belanger, CO.**

The slip captures two distinct communications: **(1)** William Soler Justice's expression of gratitude to Defendant Belanger for retrieving a book previously ordered by his niece; and **(2)** his written request for the return of a personal journal — described as a **"black & white composition notebook"** — which was never returned. Defendant Belanger's written response, dated April 28, 2020, denies possession of any additional property

and characterizes William's former H Ward cell as **"very messy,"** without specifically accounting for the composition notebook.

**Note — Form Designation**

The notation **SPU6 REV. 9/91** appearing in the footer of this form is the official institutional form designation number for the SPU Resident Request Slip (revision dated September 1991). This designation carries no other evidentiary significance.

## PART II — VERBATIM REPRODUCTION OF THE RESIDENT REQUEST SLIP

The following is a verbatim reproduction of the Resident Request Slip constituting Plaintiff's Exhibit J. All spelling, punctuation, capitalization, and formatting appearing below reflects the original handwritten document as submitted and responded to. No alterations have been made.

New Hampshire Department of Corrections

Secure Psychiatric Unit — Resident Request Slip

*Verbatim Reproduction — Original Form Designation: SPU6 REV. 9/91*

|

*Bates No.: 04-23-2020_IMRQ_213784642507_SOLER*

Section 1 — Resident's Request

(Dated: April 23, 2020)

| | | |
|---|---|---|
| **Date** **04/23/20 (Thurs)** | **To** **C.O. Belanger** | **From** **Soler, Jr.** |
| **Last Name** **Soler Jr.** | **First Name** **William** | |
| **Ward** **F** | **Room #** **17** | |

**REMARKS (VERBATIM — ORIGINAL SPELLING, PUNCTUATION, AND CAPITALIZATION PRESERVED)**

*"Thank YOU for getting me the book, **How to Start Your Own Medical Billing Service** by Entrepreneur Press, that my BELOVED niece (Tianaliz) ordered for me from Amazon in such an expedited manner (thanks, it much APPRECIATED Belanger). Now, I would also appreciate back my personal journal (black & white composition notebook) that houses my most intimate of thoughts. Please Belanger returns that for me. THANKS & may God BLESS !!! (amen)."*

---

| | |
|---|---|
| **Resident's Signature** ***William Soler Jr.*** **[signed]** | **Date** **04/23/20 (Thurs)** |

Section 2 — Staff Response

(Dated: April 28, 2020)

| | | |
|---|---|---|
| **Date** **4-28** | **To** **RESIDENT Mr. Soler** | **From** **Co Belanger** |

**REMARKS (VERBATIM — ORIGINAL SPELLING, PUNCTUATION, AND CAPITALIZATION PRESERVED)**

*"Mr. Soler, you have all of your property that was removed from your cell on H ward. I do not have anything else. your cell was very messy when you were moved to [F] ward. I will speak to you about this more."*

---

| | |
|---|---|
| **Staff Signature** ***Co Bbel*** **[Belanger's signature]** | **Date** **4-28** |

Section 3 — Resident Acknowledgment of Response

(Dated: April 28, 2020)

| | |
|---|---|
| **Resident's Signature** ***William Soler Jr.*** **[signed]** | **Date of Acknowledgment** **04/28/20 (Tues.)** |

Official Form Designation: SPU6 REV. 9/91

|

SPU Resident Request Slip

|

New Hampshire Department of Corrections — Secure Psychiatric Unit

---

## PART III — EVIDENTIARY SIGNIFICANCE

### A. The Missing Journal — Spoliation of Evidence

William Soler Justice's personal journal — described in his own hand as a **"black & white composition notebook"** — was not returned following his

April 9, 2020 transfer from H Ward to E Ward. This journal, maintained by William during his confinement at the Secure Psychiatric Unit, would have constituted a contemporaneous, unmediated record of his mental state, daily experiences, and potentially his personal observations regarding staff conduct during the relevant period.

Defendant Belanger's response — that William has received *"all of your property that was removed from your cell on H ward"* and that *"I do not have anything else"* — does not affirmatively confirm or specifically account for the composition notebook by name or description. The journal has not been produced in discovery. The non-production of a personal journal **specifically requested by name from Defendant Belanger** — a named party to this litigation — fourteen days after the April 9, 2020 events raises material questions about the handling of William's personal property during the ward transfer and the adequacy of the institution's document preservation efforts in anticipation of litigation.

**B. The Request Is Directed to Defendant Belanger — A Party to This Action**

This document is addressed directly to **Defendant Aaron Belanger** and bears his written response in his own hand. It establishes that as of **April 28, 2020**:

1. Defendant Belanger was actively communicating in writing with William Soler Justice regarding events relating to and arising from the April 9, 2020 transfer from H Ward;
2. Defendant Belanger expressly acknowledged that property was removed from William's H Ward cell during the April 9, 2020 transfer (*"property that was removed from your cell on H ward"*); and
3. Defendant Belanger's characterization of William's cell as **"very messy"** is self-serving and constitutes the sole explanation offered — in writing, in Defendant's own hand — for any missing or unaccounted-for personal property.

### C. Temporal Significance — Fourteen Days Post-Transfer

This document is dated **April 23, 2020** — precisely fourteen days after the April 9, 2020 transfer that is central to this litigation. By the date of this slip, the following had already occurred:

4. William had been transferred from E Ward to F Ward (this document lists his current ward as **F, Room 17**);
5. William had submitted the April 9, 2020 audio preservation request to Captain Marshall, constituting **Plaintiff's Exhibit I** in this action; and
6. The institutional decision to retain William at the SPU rather than transfer him to New Hampshire Hospital had been effectively made, as documented in DOC-000013 (Robinson: *"we would not move him to NHH now, even if they called"*).

This chronological context is relevant to the assessment of Defendant Belanger's response and his awareness of the significance of the property transfer at the time he provided his written reply on April 28, 2020.

### D. Personal Property Handling During Ward Transfers — Chain of Custody

Defendant Belanger's written acknowledgment that property was *"removed from your cell on H ward"* confirms standard institutional practice of cell clearance and property collection incident to ward transfers. The failure to specifically account for the composition notebook — notwithstanding William's precise, written identification of the item by both type (*personal journal*) and physical description (*black & white composition notebook*) — creates a gap in the chain of custody of William's personal belongings. That gap is material where, as here, the missing item would have constituted a contemporaneous record of events central to this litigation.

### E. Tone of Communication — Relevance to Characterization of Plaintiff

Notwithstanding the events of April 9, 2020, William Soler Justice's written communication with Defendant Belanger on April 23, 2020 is manifestly cordial and grateful in tone. William explicitly thanks Defendant Belanger for retrieving a book — expressing appreciation in warm terms and invoking a blessing. This documented tone is directly inconsistent with any characterization of William as harboring personal animosity toward Defendant Belanger or as having made threatening statements toward Defendant Belanger on or about April 9, 2020. The demeanor reflected in this exhibit is relevant to the credibility of any such characterization.

---

**Exhibit Identification Summary**

| Field | Value |
|---|---|
| Exhibit Designation | Plaintiff's Exhibit J |
| Document Type | Secure Psychiatric Unit Resident Request Slip — Form SPU6 REV. 9/91 |
| Bates Number | 04-23-2020_IMRQ_213784642507_SOLER |
| Date of Request | April 23, 2020 (Thursday) |
| Date of Response | April 28, 2020 (Tuesday) |
| Resident / Requester | |

William Soler Justice (a/k/a William Soler Jr.) — F Ward, Room 17

Responding Staff

CO Aaron Belanger (Defendant) — Signature: "Co Bbel"

Subject of Request

Return of personal journal — "black & white composition notebook"

Outcome

Journal not returned; cell characterized as "very messy" by Defendant Belanger

Authentication

Preliminary Statement § J; Declaration of Wanda Duryea ¶ 12

Case

Justice v. Belanger et al., Civil Action No. 23-cv-00308-SE-AJ, U.S. District Court, District of New Hampshire

*[End of Plaintiff's Exhibit J — Secure Psychiatric Unit Resident Request Slip, April 23, 2020]*