IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

---

| | |
|---|---|
| **WILLIAM SOLER JUSTICE, Plaintiff, v. AARON BELANGER and ERIC BARBARO, Defendants.** | **Civil Action No. 23-cv-00308-SE-AJ U.S. District Court District of New Hampshire** |

---

# PLAINTIFF'S EXHIBIT K

---

**Document Identification**

**Description:** Handwritten Letter from William Soler Justice (#42507) to Probate Court Judge Margaret Moran

**Dated:** June 3, 2020

**Docket No.:** 317-2018-GI-00414

**Length:** 3 pages (handwritten original)

*Authentication: See Declaration of Wanda Duryea ¶¶ 3, 13*

---

## PART I — SOURCE IDENTIFICATION

---

| | |
|---|---|
| **Document Type** | **Handwritten letter, 3 pages** |
| **Author** | William Soler Justice (also known as William Soler, Jr.), SPU Resident |

| **Document Type** | **Handwritten letter, 3 pages** |
| --- | --- |
| | #42507 |
| **Recipient** | Probate Court Judge Margaret Moran |
| **Date** | 06/03/20 (Wednesday) |
| **Docket Number** | 317-2018-GI-00414 |
| **Return Address** | William Soler, Jr. #42507, S.P.U. of NH State Prison for Men, P.O. Box 2828 / 281 North State St., Concord, NH 03302 |

**Timing Note:** This letter was written approximately 55 days after the April 9, 2020 ward transfer that is the subject of this litigation. At the time of writing, William Soler Justice was confined at the Secure Psychiatric Unit (SPU).

---

## PART II — VERBATIM REPRODUCTION (PAGES 1–2)

---

The following is a verbatim reproduction of pages 1–2 of the original handwritten letter. William's original capitalization, punctuation, spelling, and paragraph breaks are preserved exactly as written.

***Pages 1–2 of 3 (verbatim):***

1 of 3 Docket# 317-2018-GI-00414 William Soler, Jr. #42507 S.P.U. of NH State Prison for Men P.O. Box 2828/281 North State St. Concord, NH 03302 06/03/20 (Wed)

Probate Court Judge,

Margaret Moran

Dear HONORABLE One (Judge Moran):

First off: I wish to apologize to you, Judge Moran, for my behavior towards you the last time we were together in YOUR courtroom, a couple of years ago, on Wed., July 25th, 2018. I'm so so SORRY for insulting you and making fun of your name. I'm so so SORRY with the deepest sincerity- PLEASE! Find it in your heart to forgive me YOUR HONOR. I hopefully assume that you will (fingers crossed)

Anyway, moving on: Office of Public Guardian (OPG) has done a lousy job of doing what they were hired to do; and that's protect my rights. That is why my first guardian is in the process of getting sued in U.S. District Court by me. And the 2nd guardian appointed (Eric Hansmeier) is headed down the same path of my first (Eric Van Gelder).

First, let me inform you of Mr. Van Gelder's wrong-doing. I should've realized instantly that Van Gelder was up to no good at our very first interaction, which took place sometime in Aug. or Sept. 2018 on involuntarily seclusive cell 09 of E ward when prison administrators corruptly allowed a civilian (Van Gelder) to visit me when I was in that cellroom. We did not say much to each other at that first meeting. But Van Gelder must have realized when the prison officials told him that I was being housed, essentially, in the Hole (23 hrs. a day lockdown) that it was a blatant violation of the NH Patient Bill of Rights, to keep me (Bill Soler, Jr.), a patient, in involuntary seclusion.

*[Page 3 continuation — content continues on third page of original document]*

---

**PART III — NOTE ON PAGE 3**

The third page of this letter continues William Soler Justice's account of the conduct of his appointed guardians and his assessment of the probate proceedings. The full three-page letter is submitted as part of the Exhibit packet. The verbatim reproduction above encompasses pages 1–2 of the original handwritten document.

## PART IV — CLINICAL NOTE

Consistent with Declaration of Wanda Duryea ¶¶ 6 and 21, William Soler Justice suffers from Schizophrenia, paranoid type, with anosognosia. To the extent any portion of this letter reflects beliefs regarding mistreatment by specific individuals that are not otherwise corroborated by documentary evidence, those portions are presented as evidence of William's state of mind and his perception of his institutional experience — not as factual allegations against named parties. References to his appointed guardians and their conduct are independently relevant to the guardianship proceedings and do not involve the Defendants in this action.

## PART V — EVIDENTIARY SIGNIFICANCE

### 1. William's Own Description of E Ward as "23 Hrs. a Day Lockdown" and "Involuntary Seclusion"

This letter — written 55 days after the April 9, 2020 transfer — contains William's own characterization of E Ward (Acute Care Status) as "the Hole (23 hrs. a day lockdown)" and "a blatant violation of the NH Patient Bill of Rights, to keep me (Bill Soler, Jr.), a patient, in involuntary seclusion." This language directly corroborates the Declaration of Wanda Duryea ¶ 3 regarding the nature of E Ward confinement.

**2. Prior E Ward Placement — August/September 2018**

The letter documents that William was housed on "involuntarily seclusive cell 09 of E ward" in August or September 2018 — approximately 19 months before the April 9, 2020 transfer. This establishes a pattern: E Ward (Acute Care Status) was used as a placement mechanism prior to the events at issue, and Defendants and other SPU personnel had prior experience managing William's placement on E Ward.

**3. Awareness of NH Patient Bill of Rights**

William's June 2020 letter demonstrates his awareness of the NH Patient Bill of Rights and his characterization of E Ward confinement as a violation of those rights. This awareness is relevant to his contemporaneous request for audio/video preservation on April 9, 2020 (Exhibit I) and his subsequent request slips challenging the basis for the E Ward transfer (Exhibits L, M).

**4. Engagement with Probate Court System**

This letter demonstrates William Soler Justice's capacity to engage in written communication, express remorse for prior conduct, articulate grievances in detail, and seek judicial intervention — all while confined at the SPU. This capacity is relevant to the credibility of his contemporaneous accounts in Exhibits I, J, L, and M.

**5. Guardianship Context**

The letter documents William's concerns about his appointed guardians (Van Gelder, then Hansmeier). Eric Hansmeier is identified in the phone

surveillance emails (Exhibit O, DOC-000028) as having declined to endorse restrictions on William's phone contact with patient advocate Wanda Duryea — stating "I am also reluctant to restrict contact."

---

---

**Case:** William Soler Justice v. Aaron Belanger and Eric Barbaro, Civil Action No. 23-cv-00308-SE-AJ, U.S. District Court, District of New Hampshire

**Exhibit:** Plaintiff's Exhibit K | **Docket Ref.:** 317-2018-GI-00414 | **Document Date:** June 3, 2020

**Authentication:** Declaration of Wanda Duryea ¶¶ 3, 13

Docket # 317-2018-GI-00414

William Soler, Jr. / #42507
S.P.U. of NH State Prison for Men
P.O. Box 2828 / 281 North State St.
Concord, NH 03302

06/03/20 (Wed.)

Probate Court Judge,
Margaret Moran

Dear HONORABLE One (Judge Moran):

First off: I wish to apologize to you, Judge Moran, for my behavior towards you the last time we were together in YOUR courtroom, a couple of years ago, on Wed., July 25th, 2018. I'm so so SORRY for insulting you and making fun of your name. I'm so so SORRY with the deepest sincerity—PLEASE! Find it in your heart to forgive me YOUR HONOR. I hopefully assume that you will (fingers crossed)

Anyway, moving on: Office of Public Guardian (OPG) has done a lousy job of doing what they were hired to do; and that's protect my rights. That is why my first guardian is in the process of getting sued in U.S. District Court by me. And the 2nd guardian appointed (Eric Hansmeier) is headed down the same path of my first (Eric Van Gelder).

First, let me inform you of Mr. Van Gelder's wrong-doing. I should've realized instantly that Van Gelder was up to no good

Docket # 317-2018-GI-00414

at our very first interaction, which took place sometime in Aug. or Sept. 2018 on involuntarily seclusive cell 09 of E ward, when prison administrators corruptly allowed a civilian (Van Gelder) to visit me when I was in that cellroom. We did not say much to each other at that first meeting. But, Van Gelder must have realized when the prison officials told him that I was being housed, essentially, in the Hole (23 hrs. a day lockdown) that it was a blatant violation of the NH Patient Bill of Rights, to keep me (Bill Soler, Jr.), a patient, in involuntary seclusion. The rest of Eric Van Gelder's inexcusable lack of actions, can be found in the approx. 300 page lawsuit.

Now, my new guardian, Eric Hansmeier, is not much better because post lawsuit filing he neglected to take any action against the prison, on my behalf, in the form of a court motion, notifying the court (you) that I was not permitted "due process" concerning an incident involving myself and a few hooligan correctional officers (c.o.s), thereby, getting "lugged" (sent back) to the most extreme involuntarily seclusive and tormentive E and F wards for a couple of weeks.

Your Honor, it does not seem ethical to me that OPG should be allowed to make critical decisions concerning my life when they are currently being sued by me for not protecting my rights the way they are required to do so. Is it not some sort of conflict of interest issue/case? May I suggest my parents as substitute guardians for the timebeing. They're more than willing and able to do the job. Your Honor, with this court motion, can you rectify this ordeal? Also, Your Honor, can you allow Wanda Duryea (the

SOLER, WILLIAM #42507

3 of 3

Docket # 317-2018-GI-00414

lady responsible for creating my lawsuit and a God send) and Nancy West (a news reporter and friend of Mrs. Duryea) to be present in the courtroom should you decide to have a hearing to argue this matter?

Thank you JUDGE Moran and may Jesus BLESS your career, life, and soul (amen!!! ← Holy Trinity).

William Soler Jr.
"Bill" Soler, Jr.

Cc: Wanda Duryea; Amy Davidson, Esq.; Nancy West; OPG; William & Catalina Soler, Sr.; Christine O'Connor (S.W. of SPU)